## Little Rock Railway & Electric Co. v. The Leader Co.

### Opinion delivered October 23, 1916.

1. Public service corporations—failure of subscriber to pay—discontinuance of service. Where an electric light company had a rule that it would discontinue furnishing electricity where a subscriber was in default over ten days, the company cannot refuse to furnish electricity where the subscriber tenders to it the amount due.

2. Public service corporations—discontinuance of service for failure of subscriber to pay. Where a tender of the amount due is made the company has no right to cut off the service.

·Appeal from Pulaski Chancery Court; *J. E. Martineau*, Chancellor; affirmed.

*Rose, Hemingway, Cantrell, Loughborough & Miles* for appellant.

At the time appellee. was put into bankruptcy the $329.69 was past due. On March 23rd appellant was forced to accept in satisfaction of its claim 25% of the amount due, and on March 25 it notified appellee that the contract was at an end. At no time did appellee tender the amount due until after this notification. Appellant was legally within its rights when it terminated the contract in accordance with its terms. 238 U. S. 482; 231 Fed. 684; 124 U. S. 385.

*Powell Clayton* for appellee.

No demand for a deposit was ever made, and appellee tendered the full amount owing when notified that the current would be turned off because of their default in payment of arrears. Failure of appellees to pay promptly did not justify appellant in cancelling the contract. 100

Ark. 565, 569; 72 Ark. 359; 6 R. C. L. 928; 26 Am. & Eng. Enc. of L. 73; 134 U. S. 68; 91 Fed. 705.

The rule is almost universal that equity will relieve against a forfeiture where the right is attempted to be exercised merely because of the failure to pay money promptly when due.    75 Ark. 410; 65 Ark. 521; 59 Ark. 405; Story, Equity Jur., 12th ed., §§ 1314, 1315, 1316; Pomeroy, Equity Jur., §§ 381, 433, 450, 456; 96 S. U. 234, 242; 40 So. 1018.    The *Danaher* case, 238 U. S. 482, relied on by appellant, is not in point

Hart, J.    Appellee instituted this action in the chancery court against appellant to restrain it from cutting off the electricity furnished to its place of business.    The material facts are as follows:

The appellant is a domestic corporation engaged in furnishing electricity to the citizens of Little Rock, Arkansas.    It acquired, by transfer, all the contracts of another lighting company which had a contract with a firm doing business on Main street in Little Rock, Arkansas, to furnish it the electricity for its business.    The partnership transferred its contract to the Leader Company, a domestic corporation.    On January 4, 1915, a petition in involuntary bankruptcy was filed against the partners and a receiver was appointed to take charge of the estate of said bankrupts.    The partnership and individuals composing it were duly adjudicated bankrupts under the acts of Congress relating to bankruptcy. Appellant had a claim against the partnership for $329.69 for lights which had been furnished under the contract above referred to, and was paid the sum of $82.42 under orders of the court, made in the bankruptcy proceedings. This payment was made on March 23, 1915.    On March 25, 1915, appellees were notified by appellant that because of default in the payment of appellees, the contract between the parties was terminated and the lights in the premises occupied by appellee, The Leader Company, would be cut off.    Thereupon appellee, the Leader Company, tendered to appellant all that appellant claimed

to be due under the contract, but appellant refused to accept the tender and this suit was instituted.

The provisions of the contract just referred to are as follows:

"The consumer shall pay the company for such electric service within ten days from date of bills, at the rate computed on the following basis, viz." * * *

"The company shall have the right to discontinue this service without notice in case the consumer fails to comply with or perform any of the conditions or obligations of this agreement, or of any other agreement with the company; and the consumer hereby authorizes the company to remove the meters belonging to it and to discontinue the supply of electricity whenever any bill for said service or supplies is in arrears, or upon the violation of any of the terms of this contract."

The chancellor found in favor of appellees and the case is now here on appeal. This is the second appeal in the case. On the former appeal the court held that a contract to supply electricity to be used in a certain building for business purposes, which does not call for the exercise of personal services by either party, may be assigned. *The Leader Company* v. *Little Rock Ry. & Elec. Co.*, 120 Ark. 221.

Counsel for appellant insists that the judgment should be reversed under the authority of *The Southwestern Telegraph & Telephone Co.* v. *Danaher*, 238 U. S. 482, but we do not agree with counsel in this contention. In that case Mrs. Danaher's telephone was disconnected because she refused to pay her telephone rental for the two months preceding, although she had been frequently requested to pay it and warned that the telephone would be disconnected if payment was not made. The regulation had been in force for several years and had been applied universally against all delinquent patrons without partiality or discrimination. The Supreme Court of the United States held that the rule adopted by the telephone company was a reasonable regulation and as such that the telephone company had the right to enforce it. This is in application of the rule, that public

service corporations are charged with certain public duties, which they may not refuse, and they may adopt such rules as are reasonably proper and necessary to enable them to discharge these public duties and to render the public efficient service.

In the present case the contract between the light company and the consumer provided that the latter shall pay the company for electric service within ten days from date of bills. The contract also provides that the company shall have the right to discontinue service, without notice, in case the consumer fails to comply with any of the conditions or obligations of the agreement. It makes no difference, under the facts and pleadings as disclosed by the records in this case that the contract required payment within ten days from the date of bills and also provides that the company shall have the right to discontinue service, without notice, in case the consumer fails to comply with any of the provisions of the agreement. It has long been a settled rule in this state that forfeitures are not favored at law or in equity. The consumer tendered to the light company the proper amount due it before the service was discontinued and the company refused to accept payment. The consumer was not in default after it had tendered to the company the proper amount due it. It had the right to make the payment at any time before the service was discontinued. The appellant had no right either to terminate the contract or to cut off the electricity upon tender being made of the amount due. The consumer should have had notice and a reasonable opportunity to pay before a forfeiture of the contract would be enforced. In any event if it did pay or offer to pay before the service was discontinued, this entitled it to further service under the contract.

It follows that the decree will be affirmed.