## THE SOUTHWESTERN TELEGRAPH & TELE-PHONE COMPANY *v.* DANAHER.

### ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 43. Submitted March 17, 1914. Restored to docket April 6, 1914. Reargued April 22, 1914.—Decided June 21, 1915.

While it is not open in this court to revise the construction placed on a state statute by the state court, it is open to determine whether the application of the statute as so construed is so arbitrary as to so contravene the fundamental principles of justice as to amount to deprivation of property without due process of law.

The rates of public service corporations, such as telephone companies, are fixed in expectation that they will be paid, and reasonable regulations tending towards prompt payment are necessary as the ability of such corporation to serve the public depends upon the prompt collection of their rates.

Collection of such rates by legal process being practically prohibitive,

regulations requiring payment in advance are not unreasonable, and a telephone company is not subject to penalties for refusing to render service to a subscriber who is delinquent on past rates and refuses to pay in advance in accordance with an established rule uniformly enforced, or because it charges the full price to a subscriber who does not pay in advance while allowing a stated discount to those who do pay in advance.

To enforce against a telephone company a penalty for refusing to furnish service under such conditions amounts to depriving it of its property without due process of law in violation of the Fourteenth Amendment.

102 Arkansas, 547, reversed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of a statute of Arkansas relating to telephone companies, are stated in the opinion.

*Mr. David A. Frank,* with whom *Mr. Charles T. Coleman* was on the brief, for plaintiff in error:

As to the construction of the Act of March 31, 1885, see *Cumberland Telephone Co.* v. *Kelly,* 160 Fed. Rep. 316; *Pacific Telephone Co.* v. *Railway,* 66 Maryland, 399; *Plummer* v. *Hattelstead,* 117 N. W. Rep. 680; *Smith* v. *Telephone Co.,* 158 S. W. Rep. 980; *Hockett* v. *State,* 105 Indiana, 250; *Cent. Union Tel. Co.* v. *State,* 106 Indiana, 1; *State* v. *Citizens Tel. Co.,* 61 S. Car. 83; *Cumberland Tel. Co.* v. *Hendon,* 71 S. W. Rep. 435; *State* v. *Nebraska Tel. Co.,* 17 Nebraska, 126; *People* v. *Gas Co.,* 45 Barb. 146; *Postal Tel. Co.* v. *Cumberland Tel. Co.,* 177 Fed. Rep. 726; Jones on Telephones, §§ 495, 496.

The Act of March 31, 1885, as construed by the Supreme Court of Arkansas, is in conflict with the due process clause of the Fourteenth Amendment. *Mo. Pac. Ry.* v. *Nebraska,* 217 U. S. 196; *Mo. Pac. Ry.* v. *Tucker,* 230 U. S. 340.

As to the right to make regulations see *Cumberland Tel. Co.* v. *Kelly,* 160 Fed. Rep. 316; *Stamey* v. *West. Un. Tel. Co.,* 18 S. E. Rep. 1008; *McDaniel* v. *Faubush Tel. Co.,* 106 S. W. Rep. 825; *West. Un. Tel. Co.* v. *Neil,* 25 S. W. Rep.

15; *Davis* v. *West. Un. Tel. Co.*, 32 S. E. Rep. 1026; 3
Thompson on Corporations (2 ed.), 2110; 37 Cyc. 1619.

As to the duty to make regulations and the reasonable-
ness of the regulations in this case, see *Rushville Tel. Co.* v.
*Irvin*, 27 Ind. App. 62; *Tacoma Hotel Co.* v. *Land Co.*,
3 Washington, 316; *West. Un. Tel. Co.* v. *McGuire*, 104
Indiana, 130; *Vanderberg* v. *Gas Co.*, 126 Mo. App. 600;
*Jones* v. *Nashville*, 72 S. W. Rep. 985; *Watauga Water Co.*
v. *Wolfe*, 41 S. W. Rep. 1060; *Shiras* v. *Ewing*, 26 Pac.
Rep. 320; *Buffalo Tel. Co.* v. *Turner*, 118 N. W. Rep. 1064;
*Brass* v. *Rathbone*, 47 N. E. Rep. 905; *Hewlett* v. *West. Un.
Tel. Co.*, 28 Fed. Rep. 181; *Yancey* v. *Batesville Tel. Co.*,
81 Arkansas, 586; *Southwestern Tel. Co.* v. *Murphy*, 100
Arkansas, 546; *Phillips* v. *Southwestern Tel. Co.*, 72
Arkansas, 478; *Cumberland Tel. Co.* v. *Kelly*, 160 Fed. Rep.
316.

The act of March 31, 1885, as construed by the Supreme
Court of Arkansas, is in conflict with the equal protection
clause of the Fourteenth Amendment. *Cotting* v. *Kansas
City Stock Yards*, 183 U. S. 79; *Ex parte Young*, 209 U. S.
123.

*Mrs. Adelia P. Danaher*, with whom *Mr. Mike Danaher*
was on the brief, *pro se:*

Defendants in error cited in support of the contentions
on her behalf, *American Waterworks Co.* v. *Walker*, 64
N. W. Rep. 711; *Brass* v. *Rathbone*, 47 N. E. Rep. 905;
*Buffalo Tel. Co.* v. *Turner*, 118 N. W. Rep. 1064; *Budd* v.
*New York*, 143 U. S. 517; *Chicago &c. R. R.* v. *Jones*,
149 Illinois, 361; *C., B. & Q. Ry.* v. *Iowa*, 94 U. S. 155;
*Crumley* v. *Watauga Water Co.*, 41 S. W. Rep. 1058; *Dow*
v. *Beidelman,* 125 U. S. 680; *Hewlett* v. *West. Un. Tel. Co.*,
28 Fed. Rep. 181; *Jones* v. *Nashville*, 72 S. W. Rep. 985;
*Merrimack Sav. Bank* v. *Lowell*, 29 N. E. Rep. 97; *Mo.
Pac. Ry.* v. *Tucker*, 230 U. S. 340; *Munn* v. *Illinois*, 94
U. S. 113; *Rushville Telephone Co.* v. *Irwin*, 27 Ind. App.

62; *Seaboard Air Line* v. *Seegars*, 207 U. S. 73; *Shiras* v. *Ewing*, 29 Pac. Rep. 320; *State* v. *Nebraska Tel. Co.*, 17 Nebraska, 126; *Stone* v. *Trust Co.*, 116 U. S. 307; *Tacoma Hotel Co.* v. *Land Co.*, 3 Washington, 316; *Vanderberg* v. *Gas Co.*, 126 Mo. App. 600; *Watauga Water Co.* v. *Wolfe*, 41 S. W. Rep. 1060; *West. Un. Tel. Co.* v. *McGuire*, 104 Indiana, 130; *Wood* v. *City*, 20 L. R. A. 376; *Yazoo & Miss. Valley R. R.* v. *Vinegar Co.*, 226 U. S. 217.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action against a telephone company by one of its patrons to recover penalties at the rate of $100 per day for 63 days for alleged discrimination against the plaintiff, the right of recovery being grounded upon a statute of Arkansas, Kirby's Digest, § 7948, reading as follows:

"Every telephone company doing business in this State and engaged in a general telephone business shall supply all applicants for telephone connection and facilities without discrimination or partiality; provided, such applicants comply or offer to comply with the reasonable regulations of the company, and no such company shall impose any condition or restriction upon any such applicant that are not imposed impartially upon all persons or companies in like situations; nor shall such company discriminate against any individual or company engaged in lawful business, by requiring as condition for furnishing such facilities that they shall not be used in the business of the applicant, or otherwise, under penalty of one hundred dollars for each day such company continues such discrimination, and refuses such facilities after compliance or offer to comply with the reasonable regulations and time to furnish the same has elapsed, to be recovered by the applicant whose application is so neglected or refused."

For several years the company had been conducting a general telephone exchange at Little Rock, Arkansas, with over 5,000 patrons, among them being the plaintiff. One of its established regulations was to the effect that it would not furnish telephone service to any patron in arrears for past service and would not accord to a patron so in arrears the discount usually allowed for paying in advance of a designated time. The customary monthly rate was $2 during the first part of the period in question and thereafter $2.75 with a deduction of 50 cents if payment was made before the fifteenth of the month.

The discrimination charged by the plaintiff consisted (a) in arbitrarily refusing for forty days to permit her to use the telephone in her residence when she had made prompt payment therefor at the customary monthly rate and had fully complied with all existing rules, notwithstanding other patrons similarly situated were permitted to use the telephones in their residences during that period; and (b) in requiring her to pay at the rate of $2.75 per month for the period covering the next 23 days when other patrons similarly situated were required to pay only $2.25 per month for the same period. In its answer the company denied the plaintiff's allegations of payment and discrimination, as also her compliance with existing rules, and relied upon the regulation before mentioned as justifying the company's action in denying her the use of the telephone during the forty days and in requiring her to pay the full rate of $2.75 for the month covering the next 23 days. In that connection it was alleged in the answer that the regulation was adopted in good faith several years before and had been uniformly and impartially enforced; that at the times when the plaintiff's telephone was disconnected, and when she was refused the discount of 50 cents, she was indebted to the company in the sum of $4 for the service for two months preceding; that the company's acts were in entire accord with the regulation

and with timely notices theretofore given to the plaintiff, and that the statute, if held to authorize or require the infliction of the designated penalties by reason of what was done in impartially enforcing the regulation, would be purely arbitrary and would result in depriving the company of its property without due process of law contrary to the Fourteenth Amendment to the Constitution of the United States.

At the trial the plaintiff produced evidence tending to establish the charges in her complaint, and when the company was introducing its evidence it offered to prove that when the plaintiff's telephone was disconnected and when she was refused the discount of 50 cents she had failed and refused to pay her telephone rental for two months preceding, although she frequently had been requested to pay it and knew the telephone would be disconnected if payment was not made; that the regulation before named had been in force for several years and had been applied universally against all delinquent patrons without partiality or discrimination, and that the plaintiff was denied the use of the telephone and refused the discount only because she was delinquent at the time. This evidence was rejected, and in its charge to the jury the court, at the plaintiff's request, said: "Under the law, the defendant should not refuse to serve the plaintiff because she had not paid a debt contracted for services rendered in the past, and if you find that the defendant did refuse to render her services for that reason, your verdict should be for the plaintiff." The defendant asked the court to say to the jury: "If you find from the evidence that the defendant enforced against plaintiff the same rule or regulation that it enforced against all others in like situation with the plaintiff, your verdict will be for the defendant," and this request was refused. The trial resulted in a verdict and judgment for the plaintiff for the penalties claimed, amounting to $6,300, and the judgment was af-

firmed by the Supreme Court of the State.  102 Arkansas, 547.  At a former trial the defendant had prevailed, but that judgment was reversed and a new trial directed, the Supreme Court saying on that occasion, 94 Arkansas, 533, 537: "A telephone company, being a public servant, cannot refuse to serve any one of the public in that capacity in which it has undertaken to serve the public when such one offers to pay its rates and comply with its reasonable rules and regulations.  It cannot refuse to serve him until he pays a debt contracted for services rendered in the past.  For the present services it has a right to demand no more than the rate of charge fixed for such services.  It transcended its duty to the public when it demanded more."  Of course what was then said led to the rulings just stated upon the second trial.  In affirming the second judgment the Supreme Court adhered to its prior decision, pronounced the regulation unreasonable and held that its enforcement against the plaintiff was a discrimination against her within the meaning of the statute and subjected the company to the penalties therein prescribed.

It was not doubted by the state court, but on the contrary was fully recognized, that the telephone company was entitled to adopt reasonable regulations respecting the conduct of its business and the terms upon which it would serve its patrons, and could enforce such regulations against any patron refusing or failing to comply therewith by suspending or discontinuing the service to him during the continuance of his refusal or failure without being chargeable with discrimination or incurring any liability under the statute.  Thus the questions for decision arising out of the rulings at the trial were whether the regulation dealing with patrons in arrear with their rental was reasonable, and whether its impartial enforcement in the circumstances of this case could be made the occasion, consistently with the due process of law clause in the Fourteenth Amendment, for inflicting upon the company pen-

alties aggregating $6,300. As before indicated, the first question was answered in the negative and the second in the affirmative.

Of course, it is not open to us to revise the construction placed upon the statute by the state court, but it is open to us to determine whether the application made of the statute in this instance was so arbitrary as to contravene the fundamental principles of justice which the constitutional guaranty of due process of law is intended to preserve. What then are the circumstances in the light of which this question must be determined?

Regulations like that which the telephone company applied to the plaintiff were not declared unreasonable by the statute. It left that matter entirely open and to be determined according to general principles of law. The state court did not hold otherwise. The regulation, according to the rejected proof, was adopted in good faith, had been uniformly and impartially enforced for many years and was impartially applied in this instance. There had been no decision in the State holding or indicating that it was unreasonable. Like regulations often had been pronounced reasonable and valid in other jurisdictions [1] and while some differences of opinion upon the subject were disclosed in reported decisions the weight of authority was on that side. It also was strongly supported in reason, for not only are telephone rates fixed and regulated in the expectation that they will be paid, but the

---

[1] See *People* v. *Manhattan Gas Co.*, 45 Barb. 136; *Tacoma Hotel Co.* v. *Tacoma Light & Water Co.*, 3 Washington, 316; *Wood* v. *Auburn*, 87 Maine, 287; *Rushville Telephone Co.* v. *Irvin*, 27 Ind. App. 62; *Irvin* v. *Rushville Tel. Co.*, 161 Indiana, 524; *Jones* v. *Nashville*, 109 Tennessee, 550; *Cox* v. *Cynthiana*, 123 Kentucky, 363; *Mansfield* v. *Humphreys Mfg. Co.*, 82 Oh. St. 216; *Woodley* v. *Carolina Telephone Co.*, 163 N. Car. 284; *Vanderberg* v. *Kansas City Gas Co.*, 126 Mo. App. 600, 608; *Shiras* v. *Ewing*, 48 Kansas, 170; *Vaught* v. *East Tennessee Telephone Co.*, 123 Tennessee, 318.

company's ability properly to serve the public largely depends upon their prompt payment. They usually are only a few dollars per month and the expense incident to collecting them by legal process would be almost prohibitive. It uniformly is held that a regulation requiring payment in advance or a fair deposit to secure payment is reasonable, and this is recognized in the brief for the plaintiff where it is said that to protect themselves against loss telephone companies "can demand payment in advance." If they may do this, it is difficult to perceive why the more lenient regulation in question was not reasonable.

If it be assumed that the state legislature could have declared such a regulation unreasonable, the fact remains that it did not do so, but left the matter where the company was well justified in regarding the regulation as reasonable and in acting on that belief. And if it be assumed that the company should have known that the Supreme Court of the State in the exercise of its judicial power might hold the regulation unreasonable, even though the prevailing view elsewhere was otherwise, the question remains whether, in the circumstances, penalties aggregating $6,300 could be imposed without departing from the fundamental principles of justice embraced in the recognized conception of due process of law. In our opinion the question must be answered in the negative. There was no intentional wrongdoing; no departure from any prescribed or known standard of action, and no reckless conduct. Some regulation establishing a mode of inducing prompt payment of the monthly rentals was necessary. It is not as if the company had been free to act or not as it chose. It was engaged in a public service which could not be neglected. The protection of its own revenues and justice to its paying patrons required that something be done. It acted by adopting the regulation and then impartially enforcing it. There was no mode of

judicially testing the regulation's reasonableness in advance of acting under it, and, as we have seen, it had the support of repeated adjudications in other jurisdictions. In these circumstances to inflict upon the company penalties aggregating $6,300 was so plainly arbitrary and oppressive as to be nothing short of a taking of its property without due process of law. *Missouri Pacific Ry.* v. *Tucker*, 230 U. S. 340, 351, and cases cited; *Wadley Southern Ry. Co.* v. *Georgia*, 235 U. S. 651, 661–666; *Vaught* v. *East Tennessee Telephone Co.*, 123 Tennessee, 318, 328.

It follows that the rulings of the trial court as sustained by the Supreme Court of the State tended to deprive the defendant of a right secured and protected by the Fourteenth Amendment.

*Judgment reversed.*