THE VILLAGE OF SPRING GROVE, Plaintiff-Appellant, v. JOHN DOSS,
Defendant-Appellee.

Second District   No. 2—89—1161

Opinion filed September 12, 1990.—Rehearing denied October 25, 1990.

Camille A. Goodwin, of Diamond, LeSueur & Roth, Associates, of McHenry, for appellant.

Joseph A. Ricely, Jr., of Glen Ellyn, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

After a bench trial, defendant, John Doss, was found not guilty of violating a Village of Spring Grove (Village) ordinance which restricted the use of roads for vehicles over certain weights (Village of Spring Grove, Ill., Ordinance No. 82 (June 2, 1987)). The Village has appealed the trial court's judgment.

The Village raises one issue on appeal: whether the trial court erred in finding that the defendant fell within an exception in the ordinance. If we conclude that the trial court did err, then we are requested to address two other issues raised by defendant: (1) whether

defendant can be fined more than $500; and (2) whether a mandatory fine of $5,250 would be excessive and unreasonable.

On April 5, 1989, defendant exited Scot Forge Corporation located in the Village on Winn Road, south of Main Street. Defendant headed north on Winn Road toward the intersection of Winn and Main. On Winn Road, north of Scot Forge, there was a sign which stated, "Warning Weight Limit Ahead." At the intersection of Winn and Main, signs stating "Weight Limit 2 Tons Per Axle Ten Ton Gross" were visible to traffic facing north on Winn Road. Defendant proceeded through the intersection and headed north on Winn Road. A Village police officer observed defendant heading north on Winn Road and, after determining that the truck appeared to be overweight and was on a weight restricted road north of Main Street, pulled over defendant. The officer had defendant follow him to the State weight scale in Richmond, Illinois. The officer weighed each axle and then determined that defendant's vehicle was 31,160 pounds overweight.

The Village ordinance at issue states, in pertinent part, the following:

"AN ORDINANCE AMENDING THE WEIGHT AND LOAD LIMIT IN THE VILLAGE OF SPRING GROVE

WHEREAS, the Board of Trustees of the Village of Spring Grove deems it necessary and proper to regulate the weight and load limits of vehicles operating on Village roads; and

WHEREAS, the President and Board of Trustees deem that the regulation of weight and load limits of vehicles on Village roads is necessary to promote the general welfare of the residents of the Village of Spring Grove and to protect the public safety for said residents, and

WHEREAS, the Village deems the regulation of weight and load limits of vehicles using Village roads necessary to preserve and reduce deterioration of Village roads and to minimize traffic hazards.

WHEREAS, it is the express intent of the President and Village Board of the Village of Spring Grove that this Ordinance be interpreted to prohibit at any time any vehicle from traveling on a posted Village street unless said vehicle is using the posted street to arrive at or depart from a residence located on said posted street, and in no event is it the purpose of this Ordinance to allow travel on any other posted Village street unless a delivery, or departure from, is being made to a residence or business on said posted street.

* * *

(a) *Purpose*:

To promote the safety of the general public and to preserve the roads and streets under the jurisdiction of the Village of Spring Grove for the use of the general public, it is hereby declared that the following rules and regulations as to maximum weight and load shall apply to all vehicles using public roads and streets under the jurisdiction of the Village of Spring Grove, pursuant to chapter 95½, section 15—316. [Citation.]

(b) *Maximum per vehicle*:

It shall be unlawful to operate any vehicle (including any tractor, trailer and accompanying load) on any street within the Village of Spring Grove, McHenry County, Illinois, except on Route 12, when

(1) The weight per axle of such vehicle exceeds two tons; or

(2) The gross weight of such vehicle exceeds the number of axles times two tons; or

(3) The gross weight of such vehicle exceeds ten tons.

(c) *Exceptions*:

* * *

(2) Delivery/pick-up vehicles with destination points located on Village streets with posted weight restrictions.

* * *

(f) *Posting of signs*.

Any agent of the Village is directed to erect and maintain signs designating the limitations contained in this ordinance at each and every roadway of the Village.

* * *

SECTION 3: This ordinance shall be in full force and effect from and after its passage as required by law and shall not be effective unless and until signs designating weight limitations are erected and maintained pursuant to the provisions of this ordinance." Village of Spring Grove, Ill., Ordinance No. 82 (June 2, 1987).

After hearing arguments of counsel as to whether an exception to the ordinance was applicable, the trial judge found defendant not guilty. The parties agree that the court found the exception to the ordinance to be applicable.

As to the first issue, the Village contends that the trial court's interpretation of the ordinance contravened the intent of the ordinance. The Village contends that defendant did not fall within the delivery/

pickup exception to the ordinance. Conversely, defendant contends that the trial court was correct in its interpretation of the ordinance. Defendant contends that under the ordinance all roads except Route 12 are weight restricted roads; thus, when defendant made the pickup at Scot Forge, he was already on a weight restricted road and was within the delivery/pickup exception.

The rules which govern the construction and interpretation of statutes are used in construing municipal ordinances. (*City of East St. Louis v. Union Electric Co.* (1967), 37 Ill. 2d 537, 542, 229 N.E.2d 522.) Courts should first look to the statutory language as the best indication of the intent of the drafters. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076.) As the facts are undisputed and the decision turns on the proper interpretation of the statute, we review the trial court's ruling as a matter of law. *People v. 1946 Buick, VIN 34423520* (1989), 127 Ill. 2d 374, 378, 537 N.E.2d 748; *In re Marriage of Adams* (1989), 183 Ill. App. 3d 296, 301, 538 N.E.2d 1286:

In this case, we believe it is clear from the language of the entire ordinance that the intent of the ordinance was to prevent overweight trucks from using *posted* weight restricted streets unless making a pickup or delivery on that posted street. While the ordinance makes all streets within the Village, except Route 12, subject to the weight and load limits of the ordinance, the ordinance further requires the posting of signs designating the weight limitations in order for the limitations contained in the ordinance to be effective against a vehicle traveling on such a street. Further, the preamble to the ordinance expresses the intent that the ordinance applies to vehicles traveling on a posted street. Winn Road, north of Main Street, is a posted street. However, south of Main Street, where defendant had made his pickup, Winn Road was not a posted weight restricted road. Defendant made a pickup on a road without posted weight restrictions and then proceeded to continue on the road past the posted weight restrictions. The exception simply does not apply to defendant. Therefore, the trial court misinterpreted the ordinance by finding that defendant fell within the exception in the ordinance.

Because we have found that the trial court misinterpreted the ordinance, defendant asserts, alternatively, that we should address a second issue: whether he can be fined more than $500. As the issue was raised and argued below, but not decided, we choose to address it at this time as it will arise again on remand and is a question of law which has been briefed by the parties. See *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 142, 478 N.E.2d 384.

Defendant attempts to have this court invalidate the Village ordinance imposing fines pursuant to a schedule that is identical to section 15—113 of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 15—113). Defendant contends that the maximum fine which the Village can levy is $500, pursuant to section 1—2—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 1—2—1). This latter statute states the following:

"The corporate authorities of each municipality may pass all ordinances and make all rules and regulations proper or necessary, to carry into effect the powers granted to municipalities, with such fines or penalties as may be deemed proper. No fine or penalty, however, except civil penalties provided for failure to make returns or to pay any taxes levied by the municipality shall exceed $500 and no imprisonment authorized in Section 1—2—9 for failure to pay any fine, penalty or cost shall exceed 6 months for one offense." Ill. Rev. Stat. 1989, ch. 24, par. 1—2—1.

■ An ordinance is presumed valid, and the burden of establishing invalidity rests upon those asserting it. (*Mulligan v. Dunne* (1975), 61 Ill. 2d 544, 558, 338 N.E.2d 6.) Municipalities derive their power from the legislature and may exercise only those powers which are expressly granted or those implied or incident to those express powers. *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 1015, 454 N.E.2d 29.

■ Under section 11—208(a)(7) of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—208(a)(7)), local authorities may exercise their police power by restricting the use of highways as authorized under chapter 15 of the Vehicle Code. Pursuant to chapter 15 of the Vehicle Code, local authorities may prohibit the operation of trucks or other vehicles or may impose weight restrictions on designated highways with appropriate postings. (Ill. Rev. Stat. 1989, ch. 95½, par. 15—316(c).) The Attorney General has written that section 15—316(c) provides for greater protections for local highways than the protection afforded by State law. (1977 Ill. Att'y Gen. Op. 203, 206.) The weight and load provisions contained in section 15—100 *et seq.* (Ill. Rev. Stat. 1989, ch. 95½, par. 15—100 *et seq.*) provide a formula for determining allowable loads (Ill. Rev. Stat. 1989, ch. 95½, par. 15—111(g)) and mandatory fines according to a schedule (Ill. Rev. Stat. 1989, ch. 95½, par. 15—113). See *People v. Ullrich* (1990), 135 Ill. 2d 477, 486-88, 553 N.E.2d 356.

In this case, the Village has explicitly derived its power to regulate the weight of vehicles over Village roads pursuant to the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 15—316(c)). Defendant ar-

gues, however, that the Village's power to fine him is limited to $500 under the Municipal Code. Ill. Rev. Stat. 1989, ch. 24, par. 1—2—1.

■■ ■ Section 15—113 of the Vehicle Code sets forth the mandatory penalties for overweight violations of section 15—111. (Ill. Rev. Stat. 1989, ch. 95½, par. 15—113.) A fundamental principle of statutory construction is that the more specific statute takes precedence over the more general when two statutes concern the same subject matter. (*People v. Gindorf* (1987), 159 Ill. App. 3d 647, 666, 512 N.E.2d 770.) In this case, the Municipal Code is the broader statute and discusses ordinances and municipal power in general, whereas the Vehicle Code is more specific and applies precisely to the mandatory penalties for overweight vehicles. Section 15—113 of the Vehicle Code does not grant a municipality any authority to enact ordinances which would alter the penalty provisions of this section. Thus, chapter 15 of the Vehicle Code applies in this case and the Village has the power to impose the mandatory fines as enumerated in section 15—113 of the Vehicle Code and is not limited by section 1—2—1 of the Municipal Code.

Any other construction would disrupt the regulatory scheme established by the legislature in section 15 of the Vehicle Code and result in the absurd situation of permitting lower fines for overweight vehicles on highways under local authority and higher mandatory fines for overweight vehicles on highways under State authority. It cannot be presumed that the legislature, in passing legislation, intended absurdity, inconvenience or injustice. (*Ullrich*, 135 Ill. 2d at 486, 553 N.E.2d at 360.) Therefore, the ordinance is valid.

■ Finally, the defendant contends that a mandatory fine of $5,250 would be excessive and unreasonable for a single violation of the ordinance. The defendant's argument fails for two reasons. First, the only case cited as authority by the defendant is inapposite, and, secondly, the Illinois Supreme Court has upheld this type of fine for violating a weight restriction (*People v. Ullrich* (1990), 135 Ill. 2d 477, 553 N.E.2d 356). The defendant cites *Metropolitan Sanitary District v. On-Cor Frozen Foods, Inc.* (1976), 36 Ill. App. 3d 239, 343 N.E.2d 577, for the proposition that the fine is excessive. However, in *Metropolitan*, the penalty of over $9,000 was upheld and the court stated, "[t]he penalties imposed for violation of the ordinance are harsh, but, we believe, they are no more than others enacted by our legislature and upheld by our Supreme Court." (*Metropolitan*, 36 Ill. App. 3d at 246, 343 N.E.2d at 582.) Secondly, the Illinois Supreme Court in *People v. Ullrich* (1990), 135 Ill. 2d 477, 553 N.E.2d 356, upheld fines imposed pursuant to section 15—113 of the Vehicle Code. In *Ullrich*, the

Court upheld a fine of $6,385 pursuant to this statute and stated that such fines based on the fixed schedule were mandatory. 135 Ill. 2d at 486-88, 553 N.E.2d at 360-61.

In conclusion, because the trial court misinterpreted the ordinance in this case, the trial court's judgment is reversed, and the cause is remanded for further disposition consistent with this opinion.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

WOODWARD and DUNN, JJ., concur.