2023 IL App (3d) 220387

Opinion filed November 15, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| REUBEN D. WALKER and M. STEVEN DIAMOND, Individually and on Behalf of Themselves and for the Benefit of the Taxpayers and on Behalf of All Other Individuals or Institutions Who Pay Foreclosure Fees in the State of Illinois, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| ANDREA LYNN CHASTEEN, in Her Official Capacity as the Clerk of the Circuit Court of Will County and as a Representative of All Clerks of the Circuit Courts of All Counties Within the State of Illinois; CANDICE ADAMS, Clerk of the Circuit Court of Du Page County; ERIN CARTWRIGHT WEINSTEIN, Clerk of the Circuit Court of Lake County; THOMAS A. KLEIN, Clerk of the Circuit Court of Winnebago County; MATTHEW PROCHASKA, Clerk of the Circuit Court of Kendall County; THERESA E. BARREIRO, Clerk of the Circuit Court of Kane County; LORI GESCHWANDNER, Clerk of the Circuit Court of Adams County; PATTY HIHER, Clerk of the Circuit Court of Carroll County; SUSAN W. McGRATH, Clerk of the Circuit Court of Champaign County, AMI L. SHAW, Clerk of the Circuit Court of Clark County; ANGELA REINOEHL, Clerk of the Circuit Court of Crawford County; JOHN NIEMERG, Clerk of the Circuit Court of | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal No. 3-22-0387 Circuit No. 12-CH-5275 |

Effingham County; KAMALEN JOHNSON ANDERSON, Clerk of the Circuit Court of Ford County; LEANN DIXON, Clerk of the Circuit Court of Livingston County; KELLY ELIAS, Clerk of the Circuit Court of Logan County; LISA FALLON, Clerk of the Circuit Court of Monroe County; CHRISTA S. HELMUTH, Clerk of the Circuit Court of Livingston County; KIMBERLY A. STAHL, Clerk of the Circuit Court of Ogle County; and SETH E. FLOYD, Clerk of the Circuit Court of Piatt County,

Defendants-Appellees.

The Honorable
John C. Anderson,
Judge, presiding.

_____

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice Peterson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1 The plaintiffs in this case comprise a class of individuals who, in connection with the filing of their mortgage foreclosure complaints in the circuit courts, paid filing fees mandated by section 15-1504.1 of the Code of Civil Procedure (Code) (735 ILCS 5/15-1504.1 (West 2012)). The defendants are a class of all the Illinois circuit court clerks. The class action alleged, among other things, that section 15-1504.1 of the Code was facially unconstitutional. The supreme court agreed, thereby striking down section 15-1504.1, as well as two additional statutes that created programs funded by the filing fees (20 ILCS 3805/7.30, 7.31 (West 2012)). *Walker v. Chasteen*, 2021 IL 126086, ¶ 47 (*Walker II*).

¶ 2 On remand from the supreme court, the circuit court dismissed the remainder of the plaintiffs' action, which sought refunds of the filing fees paid by the plaintiffs. The circuit court ruled that it lacked jurisdiction to grant the plaintiffs' requested relief, as the claim was against

2

the State and therefore had to be brought in the Illinois Court of Claims. On appeal, the plaintiffs alleged that the circuit court erred when it dismissed the remainder of their action. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        The facts of this case have been set out in previous appeals; most recently, in *Walker II*, 2021 IL 126086. We include only those facts necessary for the disposition of this appeal.

¶ 5        The original plaintiff in this action, Reuben D. Walker, filed a mortgage foreclosure complaint in the Will County Circuit Court in April 2012. At the time he filed his complaint, Walker paid a $50 filing fee mandated by section 15-1504.1 of the Code. Pursuant to sections 7.30 and 7.31 of the Illinois Housing Development Act (Act) (20 ILCS 3805/7.30, 7.31 (West 2012)), the fees collected in connection with the filing of mortgage foreclosure complaints were earmarked to fund a social welfare program.

¶ 6        In October 2012, Walker filed a putative class action complaint against the Will County Circuit Court, which, in part, alleged that section 15-1504.1 was unconstitutional. The circuit court certified the class, which included all individuals who paid the $50 filing fee up to and including Walker. The court also certified a class of defendants, which consisted of all the Illinois circuit court clerks in their official capacities. The State was later allowed to intervene.

¶ 7        In November 2013, the circuit court granted partial summary judgment in favor of the plaintiffs and denied the State's motion to dismiss. More specifically, the court ruled that (1) the circuit court clerks fell within the "fee officer" prohibition in article VI, section 14, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 14), and (2) the provision in section 15-1504.1 authorizing circuit court clerks to retain 2% of the $50 filing fees for administrative expenses

3

created an unconstitutional fee office. Accordingly, the court struck down section 15-1504.1 as facially unconstitutional.

¶ 8    An appeal was taken to our supreme court. In *Walker v. McGuire*, 2015 IL 117138, ¶ 30 (*Walker I*), our supreme court disagreed with both of the circuit court's rulings. The case was remanded for further proceedings. *Id.* ¶ 44.

¶ 9    In April 2018, the plaintiffs filed an amended complaint containing four counts. Count I alleged that section 15-1504.1 of the Code and sections 7.30 and 7.31 of the Act violated separation-of-powers principles. Count II alleged that the statutes violated equal protection, due process, and uniformity-of-burden principles. Count III alleged that the statutes unconstitutionally provided for the imposition of a filing fee for a noncourt related purpose. Count IV requested the creation of a protest fund to contain all fees collected or to be collected pursuant to section 15-1504.1 until the conclusion of the plaintiffs' case. Counts I, II, and III requested the same relief: (1) a declaratory judgment that the statutes were unconstitutional, (2) "[a] declaratory judgment that any expenditures of State funds collected pursuant to this statute must be returned to Plaintiffs," (3) temporary, preliminary, and permanent injunctions "enjoining Defendants from disbursing fees collected pursuant to [section 15-1504.1], and (4) "[a]n order to return all fees collected pursuant to [section 15-1504.1] to Plaintiffs."

¶ 10    The circuit court granted partial summary judgment in favor of the plaintiffs, striking down all three statutes as violative of the equal protection, due process, and uniformity clauses of the Illinois Constitution (Ill. Const. 1970, art. I, § 2; Ill. Const. 1970, art. IX, § 2). The court also found the statutes violated the free access clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 12). The court stayed its permanent injunction, which prohibited the collection of the fees and the funding the social welfare program, so our supreme court could review the case.

4

¶ 11        In June 2021, our supreme court addressed the appeal in *Walker II*. First, the court held that the filing fees were paid by the plaintiffs under duress such that the voluntary payment doctrine did not invalidate the plaintiffs' cause of action. *Walker II*, 2021 IL 126086, ¶ 28. Second, the court held that section 15-1504.1 of the Code and sections 7.30 and 7.31 of the Act violated the free access clause of the Illinois Constitution. *Id.* ¶¶ 47-48. The court then remanded the case for further proceedings. *Id.* ¶ 49.

¶ 12        After remand, discovery proceeded on the issue of restitution. During that time, numerous motions were filed, including a motion and supplemental motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)) filed by Will County Circuit Court Clerk Andrea Lynn Chasteen.

¶ 13        In August 2022, the circuit court issued a written order dismissing the case. The court ruled that it lacked jurisdiction over the plaintiffs' restitution claims, as those claims had to be brought in the court of claims because they were directed at recovering money from the State. The plaintiffs appealed.

¶ 14                                II. ANALYSIS

¶ 15        While the plaintiffs claim there are five issues on appeal, there is only one—whether the circuit court erred when it granted Chasteen's motion to dismiss.

¶ 16        "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Section 2-619(a)(9) permits a motion to dismiss that alleges "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2020). When ruling on a section 2-619 motion, a court must construe all pleadings and supporting documents in the light most favorable

5

to the nonmoving party. *Van Meter*, 207 Ill. 2d at 367-68. We review the granting of a motion to dismiss *de novo*. *Parmar v. Madigan*, 2018 IL 122265, ¶ 17.

¶ 17    The primary question we must answer on appeal is whether jurisdiction over the remainder of the plaintiffs' case lies with the circuit court or the court of claims. Here, the plaintiffs filed a declaratory judgment action seeking a ruling that section 15-1504.1 of the Code and sections 7.30 and 7.31 of the Act were unconstitutional. "Actions under the declaratory judgments statute [citation] are neither legal nor equitable in nature. Rather, they are *sui generis* and the judgment, decree or order takes its character from the nature of the relief declared." *Continental Casualty Co. v. Commonwealth Edison Co.*, 286 Ill. App. 3d 572, 578 (1997).

¶ 18    The only issue remaining from the plaintiffs' action is their request for restitution— namely, refunds of the fees they paid. Our supreme court has noted that restitution "may be available in both cases at law and in equity." *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 257 (2004). Notably, "[t]he law of restitution is not easily characterized as legal or equitable, because it acquired its modern contours as the result of an explicit amalgamation of rights and remedies drawn from both systems." Restatement (Third) of Restitution and Unjust Enrichment § 4 cmt. b (2011); see *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 212-15 (2002) (discussing the distinction between restitution as a legal remedy and restitution as an equitable remedy). The complex analysis[1] needed to determine whether the plaintiffs' restitution request in this case is legal or equitable is not necessary, however. Either way, the court of claims would not have jurisdiction over the plaintiffs' restitution request.

---

[1]The Restatement (Third) of Restitution and Unjust Enrichment § 4 (2011), contains an excellent, thorough discussion of why it is so difficult to determine whether a request for restitution is legal or equitable.

¶ 19 While the State possesses immunity from being sued (745 ILCS 5/1 (West 2020)), the legislature has authorized certain claims to be brought against the State in the court of claims (705 ILCS 505/8 (West 2020)). In relevant part, the court of claims has jurisdiction over "[a]ll claims against the State founded upon any law of the State of Illinois." *Id.* § 8(a). Constitutional questions, which present legal questions (*Hooker v. Illinois State Board of Elections*, 2016 IL 121077, ¶ 21), cannot be heard by the court of claims. See, *e.g.*, *Bennett v. State*, 72 Ill. Ct. Cl. 141, 142 (2019). Additionally, the court of claims does not possess the authority to grant equitable remedies. *Lowery v. State*, 72 Ill. Ct. Cl. 102, 104 (2020). Thus, no matter whether the plaintiffs' restitution request is legal or equitable, the court of claims was—and is—not the proper venue for any part of the plaintiffs' action. Therefore, the circuit court erred when it so held.

¶ 20 We note that an issue was raised below regarding whether sovereign immunity prohibited the plaintiffs from maintaining this action in the circuit court. The issue was addressed by both parties but not decided by the circuit court. Because that issue will arise again on remand and is a question of law that both parties have briefed on appeal, we choose to address the issue now. *Village of Spring Grove v. Doss*, 202 Ill. App. 3d 858, 862 (1990); see *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 142 (1985).

¶ 21 "Sovereign immunity is a common-law doctrine that bars lawsuits against the government unless the government consents to be sued." *Jackson v. Alverez*, 358 Ill. App. 3d 555, 559 (2005). Article XIII, section 4, of the Illinois Constitution (Ill. Const. 1970, art. XIII, § 4) abolished sovereign immunity but authorized the legislature to reinstate it by law. It did so, with limited exceptions that include the court of claims, in section 1 of the State Lawsuit Immunity Act (745 ILCS 5/1 (2020)).

7

¶ 22    "A suit against a State official in his or her official capacity is a suit against the official's office and is therefore no different than a suit against the State." *Parmar*, 2018 IL 122265, ¶ 21. In this case, the plaintiffs sued the defendant circuit court clerks in their official capacities and do not dispute that they are State officers. Presumably, then, sovereign immunity would apply in this case.

¶ 23    However, under the "officer suit exception," sovereign immunity will not apply if "the State officer's conduct violates statutory or constitutional law or is in excess of his or her authority, [because] such conduct is not regarded as the conduct of the State." *Id.* ¶ 22; see *PHL, Inc. v. Pullman Bank & Trust Co.*, 216 Ill. 2d 250, 261 (2005) (holding that "when an action of a state officer is undertaken without legal authority, such an action strips a State officer of his official status *** [and] his conduct is not then regarded as the conduct of the State, nor is the action against him considered an action against the State" (internal quotation marks omitted)).

¶ 24    "When a statute is found to be facially unconstitutional in Illinois, it is said to be void *ab initio*; that is, it is as if the law had never been passed ***." *In re N.G.*, 2018 IL 121939, ¶ 50. Here, our supreme court held that the relevant statutes were facially unconstitutional. *Walker II*, 2021 IL 126086, ¶¶ 47-48. Thus, the defendant circuit court clerks collected the filing fees from the plaintiffs in violation of the constitution and absent legal authority to do so; accordingly, their actions were not considered as actions by the State. See *Parmar*, 2018 IL 122265, ¶ 22; *PHL*, 216 Ill. 2d at 261.

¶ 25    Importantly, this exception to sovereign immunity does not apply when the complaint seeks only damages for a past wrong. *Parmar*, 2018 IL 122265, ¶ 26. However, the plaintiffs' complaint not only sought restitution rather than damages (see *Raintree*, 209 Ill. 2d at 257-58 (discussing the difference between damages and restitution)), but also sought injunctive relief to

8

prohibit certain future conduct. Under these circumstances, we hold that the officer suit exception applies and sovereign immunity neither protects the defendants in this case nor robs the circuit court of jurisdiction to resolve the restitution issue.

¶ 26                                  III. CONCLUSION

¶ 27         The judgment of the circuit court of Will County is reversed, and the cause is remanded for further proceedings on the plaintiffs' complaint.

¶ 28         Reversed and remanded.

*Walker v. Adams*, 2023 IL App (3d) 220387

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 12-CH-5275; the Hon. John C. Anderson, Judge, presiding. |
| **Attorneys for Appellant:** | Daniel K. Cray and Melissa H. Dakich, of Cray Huber Horstman Heil & VanAusdal LLC, of Chicago, Laird M. Ozmon, of Law Offices of Laird M. Ozmon, Ltd., of Joliet, and Michael T. Reagan, of Ottawa, for appellants. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Frank H. Bieszczat, Assistant Attorney General, of counsel), for appellees Candice Adams, Erin Cartwright Weinstein, Thomas A. Klein, Matthew Prochaska, Theresa E. Barreiro, Lori Geschwandner, Patty Hiher, Susan W. McGrath, Ami L. Shaw, Angela Reinoehl, John Niemerg, Kamalen Johnson Anderson, LeAnn Dixon, Kelly Elias, Lisa Fallon, Christa S. Helmuth, Kimberly A. Stahl, and Seth E. Floyd.<br><br>Carrie L. Haas, of Dunn Law Firm, LLP, of Bloomington, for appellee Don Everhart Jr.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein, Jessica Scheller, Jonathon D. Byrer, Paul Fangman, and Patrick E. Dwyer III, Assistant State's Attorneys, of counsel), for appellee Iris Martinez.<br><br>James W. Glasgow, State's Attorney, of Joliet (Scott Pyles, Assistant State's Attorney, of counsel), for appellee Andrea Lynn Chasteen. |