(No. 44151.—

APPEAL BOARD OF THE DEPARTMENT OF ENVIRONMENTAL
CONTROL OF THE CITY OF CHICAGO *et al.*, Appellees, *vs.*
UNITED STATES STEEL CORPORATION *et al.*, Appellants.

*Opinion filed June 24, 1971.*

GOLDENHERSH, J., took no part.

Henry L. Pitts, Jay A. Lipe, Joseph S. Wright, Jr., and Clifton A. Lake, all of Chicago, (Hackbert, Rooks, Pitts, Fullagar & Poust, of counsel,) for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (Edmund Hatfield and Gayle F. Haglund, Assistants Corporation Counsel, of counsel,) for appellees.

Mr. Justice Schaefer delivered the opinion of the court:

This is an appeal by the United States Steel Corporation and six of its employees (hereinafter respondents) from an order of the circuit court of Cook County entered on March 19, 1971. The order upheld the validity of six subpoenas *duces tecum* which had been issued by the Appeal Board of the Department of Environmental Control of the City of Chicago (hereinafter Appeal Board) during an administrative proceeding. The order was entered upon a petition filed by the Appeal Board, after the motion of the respondents to dismiss the petition had been overruled. The subpoenas commanded the six employees to appear to testify before the Appeal Board and to bring with them certain documents, and the trial court entered an order which found that the Appeal Board had the power to issue them and that they were valid.

The respondents have appealed directly to this court. They contend: (1) that the subpoenas are vague, overbroad, unreasonable, and call for the production of irrelevant, confidential information—all in violation of their rights guaranteed by the fourth and fourteenth amendments to the Federal constitution and by section 6 of article II of the constitution of Illinois; (2) that the Appeal Board lacks statutory authority to issue the subpoenas and to seek their

enforcement in the circuit court; and (3) that the subpoenas violate section 17—2.55(d) of the Chicago ordinance in that they call for the production of material not "reasonably related to" the matter pending before the Appeal Board. We find that it is not necessary to consider the first and third contentions, since we have concluded that the second must be sustained.

Section 17—2.55 of the Municipal Code of Chicago provides for an Appeal Board to review determinations of the city's commissioner of environmental control, and paragraph (d) of that section states: "The appeal board may issue subpoenas in connection with said hearings, requiring the attendance of witnesses and production of evidence reasonably related to said hearing, and shall have the power to cause to be instituted in court appropriate legal proceedings to compel compliance with said subpoenas." Mun. Code of Chicago, 1971 sec. 17—255(d).

Municipalities have only those powers expressly granted to them by the General Assembly or those necessarily implied from or incident to powers expressly granted. (See *e.g., Chicago School Transit, Inc.* v. *City of Chicago* (1966), 35 Ill.2d 82, 83.) "In order to legislate upon, or with reference to, a particular subject, they must be able to point to the statute which gives them the authority to exercise the power which they claim the right to exercise." *Arnold* v. *City of Chicago* (1944), 387 Ill. 532, 536.

In this court the Appeal Board makes three arguments in support of the City's authority to enact section 17—2.55(d). First, it points to section 11—19.1—11 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 11—19.1—11) which defines "air contaminant" and authorizes the corporate authorities to provide by ordinance "for the regulation of (1) the design and installation of accessory or appurtenant parts and equipment of buildings and structures and uses of land connected with the emission of air contaminants, (2) the operation or use of equipment

and appliances emitting air contaminants, (3) the conduct or carrying on of uses of land which causes the emission into the atmosphere of air contaminants, and (4) the abatement of an operation, activity or use causing air contamination." And the contention is advanced that authority to issue subpoenas and to institute proceedings for their judicial enforcement is necessarily implied from that provision, read in conjunction with the section of the same Act which grants municipalities the general police power. Ill. Rev. Stat. 1969, ch. 24, par. 11—1—1.

But the power to issue administrative subpoenas is an extraordinary one which is not to be implied from a simple grant of authority to enact ordinances. This is demonstrated by the fact that when the General Assembly intended municipal agencies to have the power to issue subpoenas in connection with the enforcement of particular statutes or ordinances, it has so stated. (See *e.g.,* Ill. Rev. Stat. 1969, ch. 24, pars. 10—1—20, 10—1—39, 10—2.1—17, 11—9—3, 11—13—7a, 11—31.1—5.) If the present contention of the Appeal Board is sound, none of these specific grants of authority were necessary; all of them are surplusage. We are unable to accept that contention.

In the petition which it filed in the circuit court the Appeal Board also relied upon section 14 of the Illinois Air Pollution Control Act of 1963 for its authority to issue subpoenas and to seek their enforcement. That section (Ill. Rev. Stat. 1969, ch. 111½, par. 240.14) provided that the State Act was not to apply in any municipality "which provides for the control of air pollution by resolution, ordinance or regulation not inconsistent with the substantive provisions of this Act or any rule or regulation hereunder." Based upon that exemption provision, the contention was advanced that the Act "delegates authority to the City of Chicago to control local air pollution and that inherent in said delegation of authority to control local air pollution is

the authority to investigate, which, of necessity, includes the power to subpoena both records and witnesses."

That contention is not directly renewed in this court, for it is now recognized that the statute relied upon was repealed by the Environmental Protection Act which became effective July 1, 1970. (Ill. Rev. Stat. 1970 Supp., ch. 111½, par. 1001 *et seq.*) It is, however, now asserted that the "1970 Environmental Control Act is simply an expanded continuation of the former Air Pollution Control Act." That, however, is rather clearly not the case. The exemption clause upon which the Appeal Board relied in the trial court is not contained in the new Act. It is true that section 2 of that Act states a legislative finding that "it is the obligation of the State Government * * * to encourage and assist local governments to adopt and implement environmental-protection programs consistent with this Act * * *," and that section 5 gives to the State agency established by the Act the power to issue subpoenas. (Ill. Rev. Stat. 1970 Supp., ch. 111½, pars. 1002, 1005.) But from the fact that one section speaks of encouragement of local programs consistent with the Act, and another section grants subpoena power to the State enforcement agency, it does not follow that cities and villages were granted the power to issue and enforce subpoenas.

Finally, the Appeal Board argues that authority to enact section 17—2.55(d) is expressly granted in section 10—4—4 of the Illinois Municipal Code. (Ill. Rev. Stat. 1969, ch. 24, par. 10—4—4.) That section provides: "In municipalities of more than 500,000, the corporate authorities may investigate the enforcement of the municipal ordinances, rules and regulations, and the action, conduct and efficiency of all officers, agents and employees of the municipality. In the conduct of such investigations the corporate authorities may hold public hearings. Each member of the corporate authorities shall have power to administer oaths, and the

clerk of the municipality, by order of the corporate authorities, shall issue subpoenas to secure the attendance and testimony of witnesses and the production of books and papers relevant to such investigations and to any hearing before the corporate authorities or any member thereof." The section also provides for judicial enforcement of subpoenas issued by the corporate authorities.

This section is not applicable here. The authority that it grants is conferred upon the "corporate authorities," defined to mean "the city council." (Ill. Rev. Stat. 1969, ch. 24, par. 1—1—2.) The section thus relates only to investigations by the city council of the conduct of city employees in the enforcement of ordinances. See *Du Bois* v. *Gibbons* (1954), 2 Ill.2d 392.

The Appeal Board has been unable to point to any legislative grant of authority for the enactment of paragraph (d) of section 17—2.55 of the Municipal Code of Chicago, and we have found none. We are also unaware of any legislative grant of jurisdiction to enforce the subpoenas here in question.

The order of the circuit court of Cook County is reversed.                                                  *Order reversed.*

Mr. Justice Goldenhersh took no part in the consideration or decision of this case.