(No. 53119.

WILLIAM REDMOND, Appellant, v. JOHN L. NOVAK, County Treasurer, *et al.*, Appellees.

*Opinion filed September 30, 1981.*

Lee J. Schwartz, of Chicago, for appellants.

J. Michael Fitzsimmons, State's Attorney, and Thomas C. Kelleghan, both of Wheaton (Robert L. Thompson, Roy F. Lawrence, and Barbara A. Preiner, Assistant State's Attorneys, and James Salsbury, law student, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiff, William A. Redmond, as a taxpayer, individually and on behalf of all other taxpayers similarly situated, brought an action in the circuit court of Du Page County to enjoin the treasurer of Du Page County, the County of Du Page, and the Du Page County board of election commissioners (board), from performing an agreement whereby the county had rented space to the board for a fixed amount of rent. The complaint also sought a declaration that the lease was void and also requested that all sums previously paid as rent by the board to Du Page County, approximately $700,000, be repaid to the board. The plaintiff's request for a preliminary injunction was denied, and a notice of appeal was filed with respect to that order. Shortly thereafter, the trial court also denied plaintiff's prayer for other relief and dismissed the complaint. We granted the plaintiff's motion to transfer the appeals directly to this court, pursuant to Rule 302(b) (73 Ill. 2d R. 302(b)), and consolidated both matters for review in this court.

In 1973, the Illinois General Assembly amended the Election Code to provide a method by which county boards of election commissioners could be created in counties where no city, village, or incorporated town had previously established a municipal board of election com-

missioners. (Ill. Rev. Stat. 1979, ch. 46, par. 6A—1 *et seq.*) In 1974, Du Page County established the Du Page County board of election commissioners. Since its creation, the board has maintained its offices in a building owned by the county and has paid rent to the county for that space.

In this appeal, the plaintiff, as a taxpayer, challenges this arrangement on constitutional grounds of due process and equal protection (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2), as well as a claim that article 6A of the Election Code constitutes special legislation prohibited by the Illinois Constitution (Ill. Const. 1970, art. IV, § 13). The plaintiff also contends that since counties which have established a county board of election commissioners are empowered to levy a tax "for the expense of conducting elections" (Ill. Rev. Stat. 1979, ch. 34, par. 408), the payment of rent out of these funds amounts to a "skim-off" of taxes being collected, in violation of article VII, section 9, of the Illinois Constitution. The thrust of plaintiff's argument is that a county board of election commissioners is simply an extension of the office of county clerk, inasmuch as the clerk's office had handled the election function in Du Page County prior to the creation of the board. Since the county is required to provide rent-free space to the clerk (Ill. Rev. Stat. 1979, ch. 34, par. 432), plaintiff argues it is unlawful to charge rent to the board for performing the same service. It is also argued that the lease was not bargained for at arm's length and that the rent charged is substantially above the benefit conferred, so that the lease should not, in equity, be enforced.

We note first that the allegations concerning constitutional violations are general in nature and for the most part do not specify in what manner the constitutional provisions were infringed. Constitutional issues cannot be raised by such general allegations. (*People v. Palkes* (1972), 52 Ill. 2d 472, 474; *In re Simaner* (1959), 15 Ill. 2d 568, 576; *Biggs v. Cummins* (1955), 5 Ill. 2d 512, 516.) We need not, therefore,

consider the general allegations of the complaint which charge that to the extent the statute authorizes the contract between the county and the board, it is special legislation prohibited by the provisions of section 13 of article IV of the 1970 Illinois Constitution.

Almost as general and vague are the allegations that the county charges no rent to other agencies of government and that "therefore the contract is a violation of the equal protection guarantees" of the State and Federal constitutions. We presume plaintiff's contention is that if the statute authorizes the county to charge the board rent, it violates the equal protection clauses, since counties which have not established county boards of election commissioners must provide space rent free to the county clerk, who must perform the same functions. It has long been recognized that the regulation of elections is within the power of the General Assembly. (*People ex rel. Schnackenberg v. Czarnecki* (1912), 256 Ill. 320.) Our constitution of 1970 has continued in the legislature its historic role with regard to elections. (Ill. Const. 1970, art. III, §§1, 4, 5.) In addition to the recognized preeminence of the legislature in election matters, classification for purposes of legislation is likewise primarily a legislative function. Classifications for legislative purposes are presumptively valid, and the one attacking the validity of such classifications has the burden of proving that the same are unreasonable or arbitrary. (*People v. Palkes* (1972), 52 Ill. 2d 472, 476-77; *People ex rel. Stamos v. Public Building Com.* (1968), 40 Ill. 2d 164, 179-80.) There is a presumption that the General Assembly and its committees acted conscientiously and did their duty in enacting the classification legislation, and this court will not nullify the result on the ground that its judgment might differ from that of the General Assembly. Only if it can be said that the classification is clearly unreasonable and palpably arbitrary will the court hold the classification invalid. (*Du Bois v. Gibbons* (1954), 2 Ill. 2d 392, 398-99;

*Supervisors of the County of Boone v. Village of Rainbow Gardens* (1958), 14 Ill. 2d 504, 512-13.) The plaintiff has not shown in what manner the statute is unreasonable or arbitrary in authorizing the county to charge rent to the board of election commissioners. Boards of election commissioners have been authorized in certain cities since an early date. (Legislation was originally enacted authorizing creation of municipal boards of election commissioners in 1885. See Ill. Ann. Stat., ch. 46, par. 6—1 *et seq.*, Historical Note (Smith-Hurd 1965).) In 1973 the legislature authorized boards of election commissioners to be established in certain counties. Plaintiff has not shown us in what manner renting office space to the board to perform the functions specified by the statute would be a denial of equal protection. The fact that the statute requires the county to furnish office space to certain county officers, but not to the board does not alone violate equal protection. There may be valid reasons for permitting the board to enjoy the flexibility of choosing its own office space and not requiring it to accept that which the county is willing to furnish. It may also be that the legislature could foresee the possibility that adequate and suitable space would not be available in county-owned property. Whatever the reason, as noted later in this opinion, the legislature authorized the board to choose its own space and pay rent for it. This is a legislative judgment which we must find presumptively valid, and the plaintiff has not come forth with any convincing argument to overcome this presumption of validity.

There is also no support for the conclusional allegation that tax monies have been "diverted" to the county in violation of article VII, section 9, of the Illinois Constitution. The cases cited by the plaintiff in support of this argument are inapposite. Plaintiff relies on *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, and *Flynn v. Kucharski* (1970), 45 Ill. 2d 211. The gist of the holding in those cases is that one taxing body cannot "skim-off" taxes levied by another and

divert that money to a use other than that for which it was levied. This is not the case here. When the tax is levied for the board of election commissioners and is paid to the county for rent, it is being spent for a purpose authorized by statute: to finance the cost of elections by providing office space for the board. (Ill. Rev. Stat. 1979, ch. 34, par. 408.) Also, such an expenditure is not a violation of article VII, section 9(a), of the Illinois Constitution because the expenditure of tax money for office space is not a payment of office expense from fees collected, nor does it constitute the payment of a fee based upon funds disbursed or collected, or upon the levying or extension of taxes.

This case is simply one of statutory construction with the issues being:(1)whether Du Page County has been granted the power to lease its property, and (2)whether, in authorizing the creation of county boards of election commissioners, the legislature has authorized such board to contract and pay rent for office space. The plaintiff has urged that if the statutes grant such authority, the constitutional violations argued occurred. In deciding these constitutional questions, we have assumed that such authority was granted to the board of election commissioners and to the county. We must now decide whether such authority has, in fact, been granted by the legislature.

The first issue presented is resolved by express statutory language. "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1979, ch. 34, par. 1 et seq.) specifically provides that each county shall have the power "[t]o sell and convey or lease any real or personal estate owned by the county." (Ill. Rev. Stat. 1979, ch. 34, par. 303.) There is no stated limitation on this power expressly granted by the statute, and nothing therein suggests that property owned by the county cannot be leased to another unit or agency of government. (A board of election commissioners, although an agency of government, is statutorily declared not to be a unit of local government within the meaning of article VII,

section 8, of the Constitution of 1970 (Ill. Rev. Stat. 1979, ch. 46, par. 6—21).) A limitation on the power to lease is found in the constitutional provision that public funds, property and credit may only be used for public purposes. (Ill. Const. 1970, art. VIII, § 1(a).) Since the lease in this case is obviously for a "public purpose," there is no question but that the County of Du Page is authorized by the Constitution and statute to rent space to the board.

We also find that the county has not abused this power by charging an excessive rate of rent to the board. The record contains a resolution of the county board (Resolution CB—005—79) which establishes a uniform rate of rent per square foot to be charged for county office space. The record also discloses that, in addition to the board of election commissioners, the county has leased space to a congressman, the Regional Transportation Authority, the Du Page County Criminal Justice Coordinating Council, the V.I.P. Council of Illinois, the Community Development Commission, the Emergency Service and Disaster Commission, the Department of Veterans Affairs, the Comprehensive Employment and Training Agency, and the Du Page County Senior Citizens Council. The rental charged to the board of election commissioners is not excessive, as plaintiff alleges, but conforms to the rental charges made to the other lessees.

We also reject the plaintiff's assertion that the county is required to provide space free of charge to the board. Counties, like municipalities (other than home rule units), can exercise only those powers expressly granted to them by the legislature or those which arise therefrom by necessary implication. Ill. Const. 1970, art. VII, § 7; *Appeal Board v. United States Steel Corp.* (1971), 48 Ill. 2d 575, 577; *Chicago School Transit, Inc. v. City of Chicago* (1966), 35 Ill. 2d 82, 83-84; *Heidenreich v. Ronske* (1962), 26 Ill. 2d 360, 362.) A corollary to this rule is that counties are likewise under no duty to perform acts not specifically authorized

by statute or necessarily arising by implication from a statute. Accordingly, it should be noted that counties are required to provide space for several county officers, departments and functions of State government. (See, *e.g.*, Ill. Rev. Stat. 1979, ch. 34, pars. 432, 432.1.) However, there is in the statute no provision which requires that space be provided for county boards of election commissioners. The mere fact that these boards assume a function previously performed by an office which was provided with space at county expense does not extend the duty to provide space to them by necessary implication. County boards of election commissioners are not extensions of the county clerk's office, but are independent bodies, created by statute, and possessing only that authority granted to them by the legislature.

As previously noted, county boards of election commissioners were authorized by the 1973 amendment of the Election Code. That county boards of election commissioners are to be considered of the same nature as and treated similarly to municipal boards of election commissioners is made clear by section 6A—5 of the Election Code, which states:

> "The provisions of Articles 6, 14 and 18 of this Act [the Election Code] relating to boards of election commissioners in cities, villages and incorporated towns shall, insofar as they can be made applicable, apply to and govern county boards of election commissioners established pursuant to this Article * * *."

(Ill. Rev. Stat. 1979, ch. 46, par. 6A—5.) Article 6 of the Code, which governs municipal boards of election commissioners, is quite detailed, containing some 77 unrepealed sections. However, article 6A, which governs county boards of election commissioners, contains only seven unrepealed sections, which do not describe the duties and authority of county boards in any detail. Section 6A—5 incorporates by reference the provisions of article 6 and consequently relies on that article to set out the powers and

duties of county boards.

Although article 6A does not specifically authorize a county election board to contract for office space, section 6A—4 clearly contemplates that the office of the board will be its own office and not an adjunct of the county clerk's office, by directing that, "[u]pon the opening of the office of the county board of election commissioners, the county clerk shall turn over to such board all registry books ° ° °." (Ill. Rev. Stat. 1979, ch. 46, par. 6A—4.) Further, section 6—24, which governs municipal boards of election commissioners and by virtue of section 6A—5 also governs county boards of election commissioners, directs that once appointed and sworn, "[s]uch board of commissioners shall at once secure and open an office." (Ill. Rev. Stat. 1979, ch. 46, par. 6—24.) This language is consistent with the quoted portion of section 6A—4 and establishes beyond question that county boards of election commissioners are authorized, and in fact are directed, to secure office space and open an office. Because no other provision in our statutes directs or authorizes any agency or unit of government to provide such office space, the power of a county board of election commissioners to pay for office space is necessarily implied from the direction to "at once secure" an office.

Since the parties had stipulated in the trial court that no further proof or argument would be presented after the request for a preliminary injunction was denied, we need not remand this cause for further proceedings on this issue. The judgments of the circuit court of Du Page County are affirmed.

*Judgments affirmed.*