LUTHERAN SOCIAL SERVICES OF ILLINOIS, Plaintiff-Appellee, *v.* THE COUNTY OF HENRY, Defendant-Appellant.

Third District   No. 3—83—0709

Opinion filed May 24, 1984.

Larry S. Vandersnick, State's Attorney, of Cambridge (John W. Bean, of counsel), for appellant.

John G. Satter, of Dwight, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Lutheran Social Services of Illinois, sought a special use permit from the Henry County Board allowing the plaintiff to construct a group residence on land zoned as an agricultural district. At the time of the plaintiff's application, there was in existence, a county ordinance which required that a special use permit be approved by a three-fourths vote of the county board when a municipality objected to the permit. State law requires only a majority vote. Ill. Rev. Stat. 1981, ch. 34, par. 855.

The village of Andover objected to the permit, and the plaintiff did not receive the necessary votes. The plaintiff obtained a declaratory judgment which invalidated the three-fourths vote requirement because it was not derived from authority granted by Illinois statutes.

Although a county zoning ordinance is initially presumed to be valid, this merely places the burden of proof upon the plaintiff to demonstrate its invalidity. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40.) After reviewing the record, we find that the plaintiff has sustained its burden of proof.

Henry County is a non-home-rule unit. Therefore, the county board can exercise only those powers expressly granted to it by the legislature or those which arise therefrom by necessary implication. (*Redmond v. Novak* (1981), 86 Ill. 2d 374, 382; Ill. Const. 1970, art. VII, sec. 7.) Powers of local government units are not to be enlarged by liberally construing statutory grants but are to be strictly construed against the governmental entity. *Connelly v. County of Clark* (1974), 16 Ill. App. 3d 947.

The defendant first argues that it has express authority to provide alternate voting requirements under section 53 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1981, ch. 34, par. 855):

"Sec. 53. A majority of the members of any county board shall constitute a quorum for the transaction of business; and all questions which shall arise at meetings shall be determined by the votes of the majority of the members present, *except in such cases as is otherwise provided.*" (Emphasis added.)

In response, the plaintiff argues that the language "as is otherwise provided" requires a legislative exception to the majority vote rule. We agree. This conclusion is supported by the fact that the legislature has specifically authorized a three-fourths majority vote for other zoning decisions. (*E.g.*, Ill. Rev. Stat. 1981, ch. 34, pars. 3152,

3154, 3158.) By including these exceptions in chapter 34, we believe that the legislature meant to exclude nonstatutory exceptions to the majority vote rule.

The defendant contends that denying it the right to implement a three-fourths vote in order to grant a special use permit would lead to absurd results since a special use purportedly has a greater impact on the community than the zoning decisions for which a three-fourths vote is required by statute. Regardless of whether this is an accurate assessment, it does not change our interpretation of section 53. The legislature has provided for a majority vote, and only the legislature can create exceptions to this rule. If this scheme is unacceptable to the defendant, then the remedy must come from the legislature.

Having found no express statutory authority for the ordinance in question, our inquiry turns to whether such authority may be necessarily implied from an express grant of power. Necessarily implied power means that which is essential to the accomplishment of a statute's declared object and purpose. *Connelly v. County of Clark* (1974), 16 Ill. App. 3d 947.

The defendant contends that the three-fourths vote requirement is a proper exercise of its police power as authorized by a general grant of power under section 1 of "An Act in relation to county zoning" (Ill. Rev. Stat. 1981, ch. 34, par. 3151). This statute is indeed general and states only that a county is permitted to regulate zoning. The defendant relies on cases which interpret section 1 as granting legislative powers to county boards. (*Kotrich v. County of Du Page* (1960), 19 Ill. 2d 181.) The defendant reasons that since it possesses general legislative authority, it can enact reasonable procedural safeguards in order to implement the power granted by section 1 (Ill. Rev. Stat. 1981, ch. 34, par. 3151).

By designating a county board as a legislative body, the supreme court did not intend to authorize a board to expand its powers on the basis of reasonableness. Designation as a legislative body simply means that a county board does not have to establish or adhere to precise standards in making its determinations. (*Kotrich v. County of Du Page* (1960), 19 Ill. 2d 181, 187.) In ascertaining the extent of a board's power, the standard is not one of reasonableness, but whether such power is essential to the exercise of an express grant of power. The defendant does not contend that a three-fourths vote is essential to its ability to regulate special use zoning. The fact that stringent voting requirements might be desirable or more convenient does not make them essential, indispensable or even necessary. See *Connelly v. County of Clark* (1974), 16 Ill. App. 3d 947, 949.

Based on the foregoing, we find that the Henry County Board had neither express nor implied authority to require a three-fourths vote in order to grant a special use permit. The judgment of the circuit court of Henry County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.