THE PEOPLE *ex rel.* FRED L. FOREMAN, State's Attorney of Lake County, *et al.*, Plaintiffs-Appellees, v. SOJOURNERS MOTORCYCLE CLUB, LTD., *et al.*, Defendants-Appellants.

Second District   No. 84—0730

Opinion filed July 5, 1985.

Stavros & Biasiello, of Wheeling, for appellants.

Fred L. Foreman, State's Attorney, of Waukegan (Jeffrey Jeep and Steven P. Kaiser, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE HOPF delivered the opinion of the court:

Defendants, Sojourners Motorcycle Club, its president and certain members, appeal from an interlocutory order entered in the circuit court of Lake County granting plaintiffs' petition for a preliminary injunction to enjoin defendants from selling or distributing alcohol on specified premises and from using those premises in any manner not authorized under the Comprehensive Amendment to the Lake County Zoning Ordinance. Defendants argue on appeal that the circuit court erred in (1) denying their motion to quash the search warrant and suppress evidence because the county zoning officer, the director of the Lake County department of zoning and building, did not have express statutory authority to procure and execute a search warrant, and (2) denying their motion to strike and dismiss count III of plaintiffs' complaint because the zoning ordinance upon which it was based constituted a prior restraint on their right to peaceably assemble and was unconstitutionally vague.

On May 22, 1984, plaintiffs filed a complaint alleging *inter alia*, that defendants were selling and distributing alcoholic liquor without the benefit of a liquor license at the premises located in unincorporated Lake County, 36757 North Fairfield Road, Ingleside, Illinois, in violation of the Lake County zoning ordinance and liquor control ordinance, and that such use of the premises constituted a public nuisance. Plaintiffs specifically alleged in count III of the complaint that defendants' use of the subject premises violated article III, section II, of the Lake County zoning ordinance, which prohibits the operation of a private indoor club in a suburban residential zone. A private club is defined under article III, section II, table One of that ordinance as:

> "An organization catering exclusively to members and their guests, or premises and buildings for recreational or athletic

purposes which are not conducted primarily for gain; ***."

On May 31, 1984, plaintiffs filed a motion for preliminary injunction asserting that the ongoing sale of liquor in a residential neighborhood constituted an immediate and real threat to the public health, welfare, and safety of the citizens of Lake County, Illinois. Defendants subsequently filed a motion to quash search warrant and suppress evidence, contending that the information which formed the basis of plaintiffs' complaint was gained by a search of the subject premises without consent in violation of the United States and Illinois constitutions, and by a Lake County zoning officer who had no statutory authority to procure and execute a search warrant. Defendants also filed a motion to strike and dismiss count III of plaintiffs' complaint, claiming that certain portions of the Lake County Zoning Ordinance were unconstitutionally vague and abridged their right to peaceable assembly in violation of the first amendment to the United States Constitution (U.S. Const., amend. I) and article I, section 5, of the 1970 Illinois Constitution (Ill. Const. 1970, art. I, sec. 5).

The challenged search warrant was issued upon a complaint for an administrative search warrant signed by William Smith, an investigator for the Lake County sheriff's department. In his complaint, Smith stated that the Lake County department of building and zoning had a reasonable basis to believe that the principal use of the subject property was a private club based upon, among other things, observations of Lake County deputy sheriffs. The search warrant, issued by a judge of the circuit court of Lake County, was directed to an inspector of the Lake County department of building and zoning, and commanded him to search the subject property for the purpose of conducting a routine inspection of the use which was being made of the property. The director of the department executed an affidavit of return for the administrative search warrant in which he stated that the department, with the cooperation and assistance of the Lake County sheriff's office, inspected the subject property on May 18, 1984, and discovered that the premises were not being used as a single-family dwelling, as it was zoned for, but contained a tavern complete with a bar, coin-operated jukebox, coin-operated pool table, coin-operated telephone, walk-in cooler and other fixtures and personal property typically found in a dramshop.

On June 27, 1984, the trial court denied defendants' motion and on July 6, 1984, following an extended hearing, granted plaintiffs' motion for a preliminary injunction, finding defendants' use of the subject property to be a public nuisance and in violation of both the

Liquor Control Act of 1934 (Ill. Rev. Stat. 1983, ch. 43, par. 183) and Lake County zoning ordinance. Defendants subsequently appealed from this interlocutory order on August 3, 1984, pursuant to Supreme Court Rule 307 (87 Ill. 2d R. 307).

■ The primary issue before this court is one of statutory construction. Defendants contend that no statute expressly authorized the county zoning department to procure an administrative search warrant to enter upon the subject premises, that the authority of the zoning department is limited to the specific powers conferred by the State legislature under "An Act in relation to county zoning" (Ill. Rev. Stat. 1983, ch. 34, par. 3151 *et seq.*), and, further, that if the legislature had intended the department to have such power, it would have specifically authorized it, as it has done in other areas. (See Ill. Rev. Stat. 1983, ch. 127½, par. 501 (State fire marshal); Ill. Rev. Stat. 1983, ch. 48, par. 1417 (Department of Labor); Ill. Rev. Stat. 1983, ch. 96½, par. 5705 (private person reporting violation of liquefied petroleum gas containers statute); Ill. Rev. Stat. 1983, ch. 95½, par. 5—403(6) (Secretary of State).) Plaintiffs respond that a common sense practical interpretation of "An Act in relation to county zoning" (Ill. Rev. Stat. 1983, ch. 34, par. 3151 *et seq.*) requires the conclusion that the powers to inspect and procure a search warrant are implied powers necessary to achieve effective land use regulation. We agree.

It is well settled in Illinois that counties can exercise only those powers expressly granted to them by the legislature or those which arise therefrom by necessary implication. (*Redmond v. Novak* (1981), 86 Ill. 2d 374, 382, 427 N.E.2d 53; *Appeal Board v. United States Steel Corp.* (1971), 48 Ill. 2d 575, 577, 272 N.E.2d 46.) The question then becomes whether the county's power to inspect can be implied from the grant of power to enforce a zoning ordinance. In resolving this issue, we find that common sense logic cannot be ignored (see *Stine v. Chicago Transit Authority* (1973), 13 Ill. App. 3d 219, 222, 300 N.E.2d 548), and consideration must be given to whether the alleged implied power is essential and necessary to accomplish the purpose behind the statutory grant of power (see *Strub v. Village of Deerfield* (1960), 19 Ill. 2d 401, 403, 167 N.E.2d 178; *Metropolitan Sanitary District v. On-Cor Frozen Foods, Inc.* (1976), 36 Ill. App. 3d 239, 244, 343 N.E.2d 577). An express legislative grant of power or authority includes the grant of power to do all that is reasonably necessary to execute that power or authority. *People v. Floom* (1977), 52 Ill. App. 3d 971, 975, 368 N.E.2d 410.

■ "An Act in relation to county zoning" authorizes counties to

regulate land use and permits county boards to provide for a zoning commission to promulgate an ordinance. (Ill. Rev. Stat. 1983, ch. 34, pars. 3151, 3152.) The officer designated by ordinance to enforce land use regulations may be vested with "the power to make orders, requirements, decisions and determinations *** with respect to the enforcement of the terms" of the zoning ordinance. (Ill. Rev. Stat. 1983, ch. 34, par. 3153.) Further, the Act permits the "proper authorities of the county," among others, to "institute any appropriate action or proceedings in the circuit court to prevent *** unlawful *** maintenance or use, ***" of property in violation of the zoning ordinance, or "to restrain, correct, or abate such violation." Ill. Rev. Stat. 1983, ch. 34, par. 3160.

Pursuant to this act, Lake County established the office of the zoning officer, designated to be the director or enforcement officer of the department of building and zoning. (Lake County Zoning Ordinance art. 6, sec. I.) His duties encompass the administration and enforcement of the ordinance, including inspections as necessary to insure compliance with the various provisions of the ordinance. The zoning officer and his duly authorized representatives have the right to enter upon any property at reasonable times. If entry is refused or a person interferes with an inspection, the person refusing or interfering shall be subject to penalties under the ordinance. (Lake County Zoning Ordinance, art. 6, sec. I.) Without the authority to make such inspections, it is clear that the enforcement power of the zoning officer would be nugatory. (See generally 3 Anderson, American Law of Zoning sec. 17.06, at 97 (2d ed. 1977).) In addition, the Act's grant of power to institute any appropriate action or proceedings in the circuit court to enforce the ordinance implies the authority to procure a search warrant to accomplish that objective. Consequently, we conclude that the Act implicitly authorizes a county zoning officer to procure and execute an administrative search warrant.

Defendants' argument that if the legislature intended a county zoning commission to have the authority to procure a search warrant, it would have expressly granted such authorization as it has in other statutes, lacks persuasiveness. The statutes cited by defendants in this regard control State agencies or permit an individual to report a violation of a statute. The Act in the instant case is enabling legislation which permits a county to promulgate and enforce a zoning ordinance. (See 1 Anderson, American Law of Zoning secs. 2.19 through 2.29, at 58-70 (2d ed. 1977).) Consequently, the statutes cited by defendants are inapposite.

Defendants also rely on the decision in *Appeal Board v. United States Steel Corp.* (1971), 48 Ill. 2d 575, 272 N.E.2d 46. In that case, the supreme court held that the power to issue administrative subpoenas could not be implied from a grant of authority to enact ordinances. (48 Ill. 2d 575, 578, 262 N.E.2d 46.) In the instant case, the authority to procure a search warrant derives from the county zoning commission's power to enforce its zoning ordinance, not from its power to enact a zoning ordinance.

■ Defendants also claim on appeal that that portion of article 3 of the Lake County zoning ordinance which prohibits private indoor clubs in suburban residential areas is unconstitutionally vague and constitutes a prior restraint on their first amendment right to peaceably assemble. In their appeal, however, they fail to argue how the provisions under consideration are unconstitutionally vague. We find, therefore, that defendants have waived this issue pursuant to Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)).

■ ■ It is well recognized that a local government's broad power to zone and control land use must be exercised within constitutional limits. (*Schad v. Borough of Mount Ephraim* (1981), 452 U.S. 61, 68, 68 L. Ed. 2d 671, 680, 101 S. Ct. 2176, 2182.) When a zoning ordinance infringes upon a protected liberty, even incidentally, it must be narrowly drawn and must further a sufficiently substantial governmental interest. (*Schad v. Borough of Mount Ephraim* (1981), 452 U.S. 61, 68-69 n.7, 68 L. Ed. 2d 671, 680-81 n.7, 101 S. Ct. 2176, 2182-83 n.7; see *Village of Belle Terre v. Boraas* (1974), 416 U.S. 1, 39 L. Ed. 2d 797, 94 S. Ct. 1536.) The test to determine whether an ordinance which affects first amendment rights is constitutional provides that:

> "[A] government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *United States v. O'Brien* (1968), 391 U.S. 367, 377, 20 L. Ed. 2d 672, 680, 88 S. Ct. 1673, 1679; *City of Chicago v. Scandia Books, Inc.* (1981), 102 Ill. App. 3d 292, 296-97, 430 N.E.2d 14, 18.

■ In the instant case, the county's power to zone and regulate land use is unquestioned. (See *Village of Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365, 71 L. Ed. 303, 47 S. Ct. 114.) Zoning ordinances are based upon the police power of the State to enact laws

for the safety, health, morals and general welfare of the people. (*Village of Cahokia v. Wright* (1973), 11 Ill. App. 3d 124, 129, 296 N.E.2d 30, *aff'd* (1974), 57 Ill. 2d 166, 311 N.E.2d 153.) This police power may be exercised "to lay out zones where family values, youth values, and the blessings of quiet seclusion and clean air make the area a sanctuary for people." (*Village of Belle Terre v. Boraas* (1974), 416 U.S. 1, 9, 39 L. Ed. 2d 797, 804, 94 S. Ct. 1536, 1541.) The zoning ordinance here identifies its purposes to be, among other things, to promote and protect the health, safety, comfort, morals, welfare, convenience, and necessity of the public and to protect the character and maintain the stability of residential, business, and industrial areas within the county. Thus, the provision under consideration in this case furthers an important and substantial governmental interest. This governmental interest has not been shown to be related to the suppression of free expression. (See *Young v. American Mini Theatres, Inc.* (1976), 427 U.S. 50, 49 L. Ed. 2d 310, 96 S. Ct. 2440.) Further, any incidental restriction on defendants' first amendment freedoms is no greater than is essential to the furtherance of the legitimate governmental interest. In this regard, we note that defendants offer no reason why their club may not be relocated in a community business zone or a commercial recreation zone which allows such private clubs. (See art. 3, sec. II, table 1.) Consequently, we hold that the Lake County zoning ordinance's prohibition of the maintenance of a private indoor club in a suburban residential zone is not such an infringement of defendants' right to peacable assembly as to be unconstitutional.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.