THE PEOPLE *ex rel.* WILLIAM KEMPINERS, Director, Illinois Department of Public Health, Plaintiff-Appellant, v. STEVEN DRAPER *et al.*, Defendants-Appellees.

Fifth District   No. 5—84—0813

Opinion filed August 19, 1985.

WELCH, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (James P. Nally, Assistant Attorney General, of Chicago, of counsel), for appellant.

C. Robert Hall, of Carbondale, for appellee Steven Draper.

PRESIDING JUSTICE JONES delivered the opinion of the court:

In this action the State of Illinois on the relation of William Kempiners, the Director of the Illinois Department of Public Health, sought to enjoin the operation of a mobile home park without a license by the defendants, Steven Draper and First National Bank and Trust Company of Carbondale, in alleged violation of the provisions of the Mobile Home and Mobile Home Park Act (Ill. Rev. Stat. 1983, ch. 111½, par. 711 *et seq.*) (hereafter referred to as the Mobile Home Act). The mobile home park in question, which is known as Draper's Rental and is operated by the defendant Draper, is located outside of and within one-half mile of the city limits of the city of Carbondale, a home rule unit of local government. The defendant bank owns the property upon which the mobile home park is located.

The trial court granted the defendant Draper's motion to dismiss the complaint and subsequently dismissed the cause of action. This appeal followed, in which a single question is presented for review: "Whether the State of Illinois has the power to enforce its public health statutes within one-half mile of the corporate limits of a home rule unit."

In his motion to dismiss the complaint, the defendant Draper alleged that, by virtue of section 7—4—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 7—4—1), the city of Carbondale has jurisdiction to enforce health ordinances and regulations within one-half mile of its corporate limits and that by virtue of section 11—13—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 11—13—1) the city of Carbondale has zoning powers within 1½ miles of its corporate limits. In the motion to dismiss, the defendant alleged further that by virtue of section 26 of the Mobile Home Act (Ill. Rev. Stat. 1983, ch. 111½, par. 736), that act does not apply within the jurisdiction of any home rule unit. Section 26 of the Mobile Home Act provides: "This Act does not apply within the jurisdiction of any home rule unit." Section 7—4—1 of the Illinois Municipal Code provides as follows: "The corporate authorities in all municipalities have jurisdiction in and over all places within one-half mile of the corporate limits for the purpose of enforcing health and quarantine ordinances and regulations." Section 11—13—1 of the Illinois Municipal Code provides in pertinent part: "The powers enumerated [in section 11—13—1] may be exercised within the corporate limits or within contiguous territory not more than one and one-half miles beyond the corporate limits and not included within any municipality."

The trial court found, *inter alia*, that the city of Carbondale licenses mobile home parks within its boundaries, that the city of Carbondale does not license mobile home parks outside its corporate boundaries, and that the mobile home park in question is licensed by neither the State of Illinois nor the city of Carbondale. In granting the motion to dismiss the complaint the trial court concluded that "[s]ince Carbondale 'has' jurisdiction in the area [*sic*] Draper's mobile home park is situated, Draper's park is exempt from the licensing statute by the statute's own terms in paragraph 736. Moreover, a Home Rule Unit's powers preempt State statutes pursuant to Article VI, Sec. 6 of the Illinois Constitution." An appeal was taken from the order.

We ordered the appeal of that order dismissed for lack of jurisdiction because the order was not a final and appealable one. The

trial court subsequently entered an order dismissing the plaintiff's cause of action. The subsequent order adopted the findings of fact and conclusions of law of the order that dismissed the complaint. This appeal is taken from the order dismissing the cause of action.

In its brief, the appellant does not suggest that the extraterritorial grant of jurisdiction provided to home rule units by section 7—4—1 of the Illinois Municipal Code has no application with respect to the Mobile Home Act, and we make no determination in that regard. The appellant maintains that the jurisdiction granted by section 7—4—1 of the Illinois Municipal Code is what the appellant calls *"enforcement* jurisdiction" and argues that "[b]ecause enforcement of public health laws is the purpose of this grant of extraterritorial jurisdiction, by the terms of the statute, where a municipality is not enforcing its public health ordinances outside its limits, no jurisdiction exists. *** Where there is no enforcement, there is no jurisdiction." The appellant concludes that "[t]he defendants' premises are not within the jurisdiction of a home rule unit, and are subject to regulation by the State Department of Public Health." We find the appellant's argument unpersuasive.

The appellant seems to say that if a home rule unit does not exercise the jurisdiction granted by section 7—4—1, it lacks the "jurisdiction" specified in section 26 of the Mobile Home Act. "Jurisdiction" and the "exercise of jurisdiction" are not, however, synonymous terms. We think that the language of section 26 of the Mobile Home Act and of section 7—4—1 of the Illinois Municipal Code means what it says. Where the language of a statute is plain, it must be given effect by the courts, which cannot read into a statute words that are not within the plain intention of the legislature as determined from the statute itself and cannot restrict or enlarge the plain meaning of an unambiguous statute. (*People ex rel. Daley v. $9,403* (1985), 131 Ill. App. 3d 188, 476 N.E.2d 80.) The fact that the city of Carbondale does not, in fact, enforce health ordinances and regulations within one-half mile of its corporate limits does not alter the fact that section 7—4—1 gives it the jurisdiction to do so. The appellant expresses concern about the "regulatory no man's land" created in the half-mile area beyond the city limits of Carbondale when that city does not license mobile home parks there. Given the plain language of the statute, we think that this is a matter properly to be addressed either to the legislature of the State of Illinois or the authorities of the city of Carbondale. Since the appellant appears from the record not to have raised in the trial court the equal protection argument advanced here, we decline to consider it.

Affirmed.

KASSERMAN, J., concurs.

JUSTICE WELCH, dissenting:
I respectfully dissent.
The majority does not directly address the State's contention that the city and the State have concurrent jurisdiction within 1½ miles outside the corporate limits. Whether the legislature has, by enactment, granted certain powers to the city within that area is one question; whether the legislature has given up the State's jurisdiction in that area is quite another. (See *County of Cook v. John Sexton Contractors Co.* (1979), 75 Ill. 2d 494, 508, 389 N.E.2d 553, 557.) There is no presumption that the former implies the latter. The correct presumption is to the contrary:

> "Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive." (Ill. Const. 1970, art. VII, sec. 6(i).)

Municipalities have only those powers expressly granted to them by the General Assembly or those necessarily implied from or incident to powers expressly granted. (*Appeal Board of the Department of Environmental Control v. United States Steel Corp.* (1971), 48 Ill. 2d 575, 577, 272 N.E.2d 46, 48.) While the legislature may expressly or impliedly provide for exclusive as opposed to concurrent authority (*Illinois Liquor Control Com. v. City of Joliet* (1975), 26 Ill. App. 3d 27, 32, 324 N.E.2d 453, 456), there is no indication that such was intended here. Absent any indication to the contrary, I would conclude that the area of mobile home park licensing is one in which the State's jurisdiction is concurrent with that of the city within the "belt" surrounding the city, and I would reverse on that basis. Accordingly, I dissent.