CONSUMERS ILLINOIS WATER COMPANY, Plaintiff-Appellee, v. THE COUNTY OF WILL, Defendant-Appellee (Citizens Requesting Environmentally Safe Sewer Treatment *et al.*, Intervenors-Appellants).

Third District   No. 3—90—0816

Opinion filed October 18, 1991.

Michael R. Lucas and Gary S. Mueller, both of McKeown Law Offices, of Joliet (Richard T. Buck, of counsel), for appellants.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee County of Will.

Lyman C. Tieman & Associates, of Joliet, and Jones, Day, Reavis & Pogue, of Chicago (Lyman C. Tieman and Jeffrey J. Baker, of counsel), for appellee Consumers Illinois Water Co.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Consumers Illinois Water Company (Consumers), brought suit against the defendant, County of Will (the County), seeking a declaratory judgment that the County's zoning ordinance as applied was unconstitutional. Prior to trial, Consumers and the County entered into an agreed settlement order. Thereafter, Citizens Requesting Environmentally Safe Sewer Treatment (CRESST) intervened and filed a motion to vacate the agreed order, contending that the order contravened a requirement that special use permits be passed by a three-fourths vote of the county board. The trial court denied CRESST's motion to vacate. CRESST appeals.

Consumers is a utility company that provides water and sanitary sewage services. Due to the deterioration of an existing wastewater treatment plant, Consumers sought a special use permit from the Will County Board to allow it to construct a wastewater treatment plant on a parcel of land in Crete Township. The land was zoned as "Countryside Areas and Productive Farmland."

Section 14.12—7 of the Will County Zoning Ordinance (Will County Zoning Ordinance §14.2—7 (1984)) provides that:

> "The County Board *** may grant or deny any proposed special use ***. However, in the event of written protest against any proposed special use, signed and acknowledged by the owners of twenty percent (20%) of the frontage across an alley or directly opposite therefrom *** such special use shall not be granted except by favorable vote of three-fourths (3/4) of all members of the County Board." Will County Zoning Ordinance §14.2—7 (1984).

Because some adjoining landowners filed written objections to Consumers' request for a special use permit, the ordinance required approval by a three-fourths vote of the county board. On December 21, 1989, the board denied the request for a special use by two votes (19 in favor and 6 against). On February 15, 1990, the board again denied Consumers' request. Thereafter, Consumers filed a complaint in the Will County circuit court seeking injunctive relief and a declaratory judgment that the County's zoning ordinance was unconstitutional as applied.

Prior to trial, Consumers and the County entered into an agreed settlement order which granted Consumers a special use permit for a wastewater treatment facility. The permit was subject to various conditions. On July 31, 1990, Judge William Penn approved the agreed order. CRESST subsequently filed a petition to intervene and a motion to vacate the order. CRESST argued that the trial court lacked jurisdiction to enter the order because it did not contain a finding of unconstitutionality. CRESST further argued that the court unlawfully bypassed the legislative process by approving the order without a three-fourths vote of the county board approving the special use permit. The trial court denied CRESST's motion to vacate.

■ On appeal, CRESST argues that the trial court lacked jurisdiction to enter the agreed order. It also argues that the agreement improperly contravened the County's zoning ordinance.

In response, Consumers initially argues that the ordinance upon which CRESST bases its position is invalid. In support of its position, it cites *Lutheran Social Services v. County of Henry* (1984), 124 Ill. App. 3d 753, 464 N.E.2d 811.

In *Lutheran Social Services*, the plaintiff sought a special use permit. At the time, the county had an ordinance requiring a three-fourths majority vote from the county board when a municipality objected to the permit. The *Lutheran Social Services* court noted that State law required only a majority vote to decide all questions that arise at county board meetings, "except in such cases as is otherwise provided." (Ill. Rev. Stat. 1981, ch. 34, par. 855.) The court then found that the county, as a non-home-rule unit, lacked expressed statutory authority to enact an ordinance contrary to the State law. The court further found that the legislature had specifically authorized a three-fourths majority vote for other zoning decisions such as map and text amendments, but not for the issuance of a special use permit.

CRESST asserts that *Lutheran Social Services* is inapplicable. In support of its position, it contends that State law now provides that a majority vote is not sufficient to approve a special use permit when written objections are filed. CRESST further contends that a three-fourths vote is required for a special use permit when written objections are filed.

We find CRESST's contentions erroneous. State law is currently the same as it was at the time of the *Lutheran Social Services* decision. The majority vote rule of section 53 of the Counties Code (Ill. Rev. Stat. 1981, ch. 34, par. 855), relied on in *Lutheran Social Ser-*

*vices*, is exactly the same as current section 2—1005 of the Counties Code (Ill. Rev. Stat. 1989, ch. 34, par. 2—1005).

Furthermore, State law does not require a three-fourths vote for a special use permit when written objections are filed. CRESST appears to be arguing that the three-fourths vote requirement for map and text amendments of section 5—12014 of the Code applies to special use permits. Yet, CRESST does not explain the fact that the *Lutheran Social Services* court cited the same statutory provision, formerly section 5 of the Code (Ill. Rev. Stat. 1981, ch. 34, par. 3158), and found that map and text amendments, unlike special use permits, were "other zoning decisions" for which "the legislature has specifically authorized a three-fourths majority vote." *Lutheran Social Services*, 124 Ill. App. 3d at 754.

In oral argument, appellants' counsel argued that the granting of a special use permit was tantamount to a change in the zoning map. We decline to adopt this view. A special use is one which may be created in an existing zoning district without changing the underlying zoning classification and without changing the zoning map. It can be issued for certain periods of time and under certain restrictions which allow the municipal or county authorities the opportunity to maintain a certain degree of control of the special use. It does not change the underlying zoning classification or the zoning map.

In order to grant the appellants the relief they request, we would have to reverse our decision in *Lutheran Social Services*. We decline to do so.

It may be argued that the effect of existing State law as interpreted in *Lutheran Social Services* is to prevent local governments from exercising greater control over decisions which directly affect the citizens served by those governments. Perhaps, a county *should* have the right to require a three-fourths majority vote by the members of the county board prior to issuing a disputed special use permit. As our supreme court pointed out more than 30 years ago:

> "We recognize that because the special use may have the same impact upon neighboring property as a variation, procedural safeguards similar to those prescribed for variations might be desirable for special uses as well." *Kotrich v. County of Du Page* (1960), 19 Ill. 2d 181, 187, 166 N.E.2d 601.

■ However, section 2—1005 of the Counties Code (Ill. Rev. Stat. 1989, ch. 34, par. 2—1005 (formerly Ill. Rev. Stat. 1981, ch. 34, par. 855)), as interpreted in *Lutheran Social Services v. County of Henry* (1984), 124 Ill. App. 3d 753, 464 N.E.2d 811, precludes the county from requiring more than a simple majority for approval. One of the

arguments raised by the defendant county in *Lutheran Social Services* was that it had express authority to provide alternate voting requirements because the statute required majority rule "except in such cases as is otherwise provided" (Ill. Rev. Stat. 1981, ch. 34, par. 855). The court found, however, that this language required a *legislative* exception to the majority vote rule. The court stated:

> "This conclusion is supported by the fact that the legislature has specifically authorized a three-fourths majority vote for other zoning decisions. (*E.g.*, Ill. Rev. Stat. 1981, ch. 34, pars. 3152, 3154, 3158.) By including these exceptions in chapter 34, we believe that the legislature meant to exclude nonstatutory exceptions to the majority vote rule." *Lutheran Social Services*, 124 Ill. App. 3d at 754-55, 464 N.E.2d at 812.

The statutory sections to which the court referred (currently Ill. Rev. Stat. 1989, ch. 34, pars. 5—12007, 5—12009, 5—12014) are those involving the adoption of a zoning ordinance, zoning variations, and zoning amendments. The legislature, when drafting provisions for special use permits, did not expressly provide for a three-fourths majority vote, and it was the decision of the court in *Lutheran Social Services* that no such provision was intended by the legislature. One could certainly argue that a change as potentially serious as the granting of a special use permit should require a three-fourths majority vote when a challenge has been filed.

This court, however, is limited to interpreting the law. "[P]olicy determination and implementation *** is the function not of the court, but of the General Assembly." (*Kotrich*, 19 Ill. 2d at 188.) Whether the legislature decides to address this issue in order to give local governments the power to adopt policies which they believe to be in the best interests of their citizens is a matter strictly within the purview of the legislature.

Since a majority of the board voted to grant the special use, the trial court's entering of the agreed order was not improper. Our resolution of the foregoing issue renders CRESST's remaining issues moot.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and SLATER, JJ., concur.