EAST ST. LOUIS FEDERATION OF TEACHERS, LOCAL 1220, American Federation of Teachers, AFL-CIO, Plaintiff-Appellee, v. THE EAST ST. LOUIS SCHOOL DISTRICT No. 189 FINANCIAL OVERSIGHT PANEL, Defendant-Appellant (The Board of Education of East St. Louis School District No. 189, Defendant-Appellee and Third-Party Plaintiff-Appellee; McGladrey and Pullen/Williams, Adley and Company, JV (MWAC), Defendant; Jed Deets, Regional Superintendent of Schools, St. Clair County, Third-Party Defendant (The State of Illinois *et al.*, Intervenors-Appellants; Geraldine Jenkins, Intervening Plaintiff-Appellee)).

Fifth District    No. 5—97—0266

Opinion filed March 1, 2000.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner and Joel D. Bertocchi, Solicitors General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for appellant.

Gilbert A. Cornfield, of Cornfield & Feldman, of Chicago, for appellee East St. Louis Federation of Teachers, Local 1220.

JUSTICE CHAPMAN delivered the opinion of the court:

This case arises from a claim by Local 1220 of the East St. Louis Federation of Teachers (the Union) that the East St. Louis School District No. 189 Financial Oversight Panel (Panel) exceeded its statutory authority under article 1B of the School Code (105 ILCS 5/1B—1 *et seq.* (West 1996)). The Union complains that beginning with the 1995-96 school year, the Panel hired personnel to perform business office functions that had previously been performed by Union members. The Panel claimed that the hiring of this personnel was statutorily authorized because the Panel's purpose is to exercise financial control over the board of education's accounts. Both the Union and the Board of Education of East St. Louis School District No. 189 filed motions for a declaratory judgment that the Panel exceeded its statutory authority. On April 8, 1997, upon cross-motions for summary judgment, the circuit court agreed with the Union that the Panel lacked statutory authority to contract with outside personnel to perform routine business office functions. From this judgment, the Panel appeals. We affirm.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party's right to judgment is clear and free from doubt. *In re Estate of Hoover*, 155 Ill. 2d 402, 410, 615 N.E.2d 736, 739 (1993). In considering a motion for summary judgment, the court must consider the affidavits, depositions, admissions, exhibits, and pleadings on file, and it has a duty to construe the evidence strictly against the movant and liberally in favor of the nonmoving party. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992).

In October 1994, the Panel was operating pursuant to the School District Financial Oversight Panel and Emergency Financial Assistance Law (the Act) (105 ILCS 5/1B—1 *et seq.* (West 1996)). The Act is designed to provide for the continued operation of public school systems threatened with serious financial difficulty. 105 ILCS 5/1B—8 (West 1996).

An oversight panel is empowered by the statute to appoint a financial administrator to provide professional and technical financial assistance and advice. 105 ILCS 5/1B—6(c), 1B—7 (West 1996). The Panel in this case appointed as its financial administrator the accounting firm of McGladrey & Pullen/Williams, Adley & Co. (MWAC). MWAC hired outside personnel to perform various school district office functions. The parties agree that the Panel, through MWAC, assumed exclusive administration of the district's financial accounts. MWAC hired persons to perform business office functions that had been previously performed by school district employees.

It is uncontested that the circuit court viewed the Panel's statutory powers narrowly. The Panel maintains that the Act expressly confers upon it the right to hire personnel to perform the business office functions. The Panel argues that the legislature possesses plenary power over the Illinois school system. See *Board of Education of School District No. 150 v. City of Peoria*, 76 Ill. 2d 469, 478, 394 N.E.2d 399, 402 (1979). The Panel also asserts that the Act is a means by which the legislature's power over financial matters, which had been delegated to the districts, can be reasserted by the State. Thus, the Panel argues, to perform its function of exercising financial control over the board of education, the legislature granted the Panel all powers necessary to carry out its task, unless expressly limited by the statute. See 105 ILCS 5/1B—6 (West 1996).

The Panel refers specifically to section 22(c) of the Act, as expressly conferring the right to *appoint employees as necessary* to carry out the Panel's purposes. 105 ILCS 5/1B—22(c) (West 1996). The Panel argues that this section alone gives the Panel the right to do what it did here.

The Panel also refers to sections 1B—6 and 1B—16:

"Except as expressly limited by this Article, the Panel shall have *all powers necessary to meet its responsibilities* and to carry out its purposes ***." (Emphasis added.) 105 ILCS 5/1B—6 (West 1996).

"The Panel shall have the *power to assume exclusive administration* of the cash accounts and bank accounts ***." (Emphasis added.) 105 ILCS 5/1B—16(b) (West 1996).

The Panel argues that the emphasized portions of the statute establish that the Panel has the authority to directly manage and control all aspects of the school district's finances. Thus, the Panel argues, it was within its power to hire outside personnel to perform the business office functions, as those tasks are directly related to the school district's finances.

The Union maintains that this action constitutes micromanagement rather than financial oversight and that it exceeds the Panel's purposes and authority under the enabling statute. The trial court agreed. Its order is set forth in pertinent part as follows:

"The Panel is a body corporate and politic[,] and its duties are limited to those specified by the statute. 105 ILCS 5/1B—4, 1B—6. Statutes granting powers to local government bodies must be strictly and narrowly construed. *The City of Chicago v. Barnett*, 404 Ill. 136, 138[, 88 N.E.2d 477] (1949); *Lutheran Social Services of Illinois v. County of Henry*, 124 Ill. App. 3d 753, 754[, 464 N.E.2d 811] (1984). While there is no Illinois authority applying this general principle to financial oversight panels ***, *** I find that the powers of a financial oversight panel under the law are similarly limited and must be strictly construed.

\*\*\* The Panel's enumerated duties are aimed, as its name suggests, at financial oversight. \*\*\* Likewise, the Financial Administrator's duties are to provide financial 'guidance and recommendations' and 'technical assistance' to the School Board and to make recommendations to the Board. 105 ILCS 5/1B—7.

\* \* \*

It is true that the powers and duties enumerated in the statute do not constitute an exhaustive list and that the Panel has, in addition to those listed powers, 'all powers necessary to meet its responsibilities and to carry out its purposes.' See 105 ILCS 5/1B—6. That general authority, however, cannot expand the Panel's power beyond that which is expressly in the statute. Although the Panel may have implied powers beyond those explicitly listed, those additional powers must be consistent with and necessary to meet its oversight purpose \*\*\*. \*\*\*

\* \* \*

\*\*\* The statute is unmistakably aimed at providing oversight in the form of technical advice, guidance, and review. The takeover of routine Business Office functions are [sic] beyond that scope.

Finally, I find of no consequence the Panel's argument that it neither laid off nor demoted any Union members. The actions at issue in this suit are the Panel's hiring of outside employees to perform routine Business Office functions, not the resulting layoffs or demotions. The parties agree that the District made the ultimate decision to lay off and demote employees who had been displaced by the Panel.

The Panel exceeded its statutory authority by hiring persons to take over routine functions of the Business Office. \*\*\* It is hereby ordered that the 32 Business Office functions taken over by MWAC, as described in the Business Functions Grid, and the corresponding bargaining unit positions be restored to School District #189."

The primary rule of statutory interpretation is to ascertain and give effect to the intent of the legislature, which should be construed primarily from the language of the statute. *East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, 411-12, 687 N.E.2d 1050, 1058 (1997).

The Act provides, "Except as expressly limited by this Article, the Panel shall have all powers necessary to meet its responsibilities and to carry out its purposes." 105 ILCS 5/1B—6 (West 1996). Although the Panel argues that it has unfettered discretion in replacing employees who perform business office tasks, we conclude that the statute does limit the Panel's authority in this area.

■ Section 1B—22(c) allows the Panel to appoint employees, define

their duties, and fix their compensation "[a]s *necessary* to carry out its purposes *when district resources are not readily available or appropriate for use by the Panel.*" (Emphasis added.) 105 ILCS 5/1B—22(c) (West 1992). In addition, section 1B—10 states that the Panel "shall have no power to impair any existing contract or obligation of the board." 105 ILCS 5/1B—10 (West 1996).

The Act empowers the school district to loan to the Panel such employees as the Panel may deem necessary and request in carrying out its powers and duties. 105 ILCS 5/1B—9 (West 1996). Section 1B—9 also states that employees so transferred shall not lose or forfeit their employment status or rights. 105 ILCS 5/1B—9 (West 1996). Given the Panel's right under section 1B—9 to borrow school district employees, section 1B—22(c)'s admonishment that the Panel appoint employees "when district resources are not readily available or appropriate for use" (105 ILCS 5/1B—22(c) (West 1992)), and section 1B—10's statement that the Panel "shall have no power to impair any existing contract or obligation of the board" (105 ILCS 5/1B—10 (West 1996)), we cannot find that the trial court erred in concluding that the Panel exceeded its statutory authority by hiring persons to assume the routine functions of the business office.

Affirmed.

HOPKINS and KUEHN, JJ., concur.